## In re SILICONE GEL BREAST IMPLANTS PRODUCTS LIABILITY LITIGATION.

### No. 926.

Judicial Panel on Multidistrict Litigation.

June 25, 1992.

Before JOHN F. NANGLE, Chairman, S. HUGH DILLIN, MILTON POLLACK,[*] LOUIS H. POLLAK, ROBERT R. MERHIGE, Jr., and WILLIAM B. ENRIGHT, Judges of the Panel.

### OPINION AND ORDER

The record before us suggests that more than a million women have received silicone gel breast implants. Since the Food and Drug Administration held highly publicized hearings a few months ago about the safety of this product, a rush to the courthouse has ensued, although some litigation concerning the product has periodically been filed in the federal courts in the last several years.

This litigation presently consists of the 78 actions listed on the following Schedule A[1] and pending in 33 federal districts as follows:

---

[*] Although Judge Pollack was unable to attend the hearing of this matter on May 29, 1992, he has, with the consent of all parties represented at the hearing, participated in this decision on the basis of the parties' briefs and the hearing transcript.

1. In addition to the 78 actions listed on Schedule A, the Panel has been advised of the pendency in many federal district courts of approximately 200 other related actions. These actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258–59 (1988).

| | |
|---|---|
| Middle District of Florida | 11 actions |
| Northern District of California | 8 actions |
| District of Colorado | 7 actions |
| Southern District of New York | 7 actions |
| Southern District of Ohio | 4 actions |
| Western District of Oklahoma | 4 actions |
| Eastern District of New York | 3 actions |
| Central District of California | 2 actions |
| Northern District of Florida | 2 actions |
| District of Maryland | 2 actions |
| Eastern District of Michigan | 2 actions |
| District of Minnesota | 2 actions |
| District of New Mexico | 2 actions |
| District of South Carolina | 2 actions |
| Western District of Washington | 2 actions |
| Southern District of Florida | 1 action |
| Middle District of Georgia | 1 action |
| Northern District of Georgia | 1 action |
| District of Hawaii | 1 action |
| Northern District of Illinois | 1 action |
| Southern District of Indiana | 1 action |
| District of Kansas | 1 action |
| District of Montana | 1 action |
| District of New Jersey | 1 action |
| District of Oregon | 1 action |
| Eastern District of Pennsylvania | 1 action |
| Western District of Pennsylvania | 1 action |
| Western District of Texas | 1 action |
| Southern District of Texas | 1 action |
| District of Utah | 1 action |
| Eastern District of Virginia | 1 action |
| Southern District of West Virginia | 1 action |
| Eastern District of Wisconsin | 1 action |

Before the Panel are four separate motions pursuant to 28 U.S.C. § 1407: 1) motion of plaintiffs in three Northern District of California actions to centralize all actions in the Northern District of California or any other appropriate transferee forum (these plaintiffs now favor centralization in the Southern District of Ohio); 2) motion of plaintiffs in one Northern District of California action to centralize all actions in that district; 3) motion of plaintiffs in seven actions to centralize all actions in either the Northern District of California or the District of Kansas; and 4) motion of plaintiffs in the Eastern District of Virginia action (*Schiavone*) to centralize in that district the medical monitoring claims that are presented in seven purported class actions.[2]

The overwhelming majority of the more than 200 responses received by the Panel supports transfer. The major issue presented in the responses is selection of

the transferee forum, with two large groups of parties aligned in favor of opposing views. The first large group of parties favors selection of either the Northern District of California (Judge Thelton E. Henderson or Judge Marilyn H. Patel) or the District of Kansas (Judge Patrick F. Kelly). This group includes 1) plaintiffs in at least 65 of the 78 actions before the Panel; 2) plaintiffs in at least 69 potential tag-along actions; and 3) approximately 250 attorneys who are purportedly investigating claims of more than 2,000 potential plaintiffs. The second large group of parties favors selection of the Southern District of Ohio (Judge Carl B. Rubin). This group includes 1) plaintiffs in nine of the 78 actions before the Panel; 2) plaintiffs in at least nine potential tag-along actions; 3) approximately 75 law firms that purport to represent approximately 4,000 actual and potential plaintiffs; and 4) sixteen defendants, including major silicone gel breast implant manufacturers Dow Corning Corporation (Dow Corning), Baxter Healthcare Corporation, McGhan Medical Corporation (McGhan), Bristol–Meyers Squibb Company and Mentor Corporation (Mentor).

Miscellaneous responses received by the Panel include i) opposition of plaintiff in one Colorado action to transfer of her action (*Reid*), ii) opposition of defendant General Electric Company to transfer of the four actions in which it is a party, iii) opposition of plaintiffs in four potential tag-along actions to transfer of their actions, and iv) support of plaintiffs in one action for the motion of the *Schiavone* plaintiffs.

■ On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District

---

**2.** The Section 1407 motions before the Panel included six additional actions that are not appropriate for inclusion in centralized pretrial proceedings. Three Eastern District of Virginia actions—*Linda Chavez Rothwell v. McGhan Medical Corp.*, C.A. No. 3:91–CV–666; *Jacqueline Butler Clark v. Baxter Healthcare Corp.*, C.A. No. 91–899–A; and *Sonia Dunkinson v. Baxter Healthcare Corp.*, C.A. No. 92–77–A—have been

dismissed. One Northern District of Illinois action—*Mindy Saperstein, etc. v. Bristol–Meyers Company, et al.*, C.A. No. 92–C–0743—has been remanded to state court. Two Northern District of California actions—*Maria Stern v. Dow Corning*, C.A. No. C–83–2348–MHP; and *Mariann Hopkins v. Dow Corning Corporation, et al.*, C.A. No. C–88–4703–TEH, 1991 WL 328043—have already been tried.

of Alabama before Chief Judge Sam C. Pointer, Jr., will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions present complex common questions of fact, as nearly all responding parties have acknowledged, on the issue of liability for allegedly defective silicone gel breast implants. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ We are not persuaded by various parties' requests for exclusion of certain actions or claims or for creation of a separate multidistrict litigation to handle medical monitoring claims. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 14, R.P.J.P.M.L., 120 F.R.D. 251, 259–61 (1988).

Selection of the transferee court and judge for this litigation has been a challenging task. The parties' arguments in their briefs and at the Panel hearing in this matter have focused primarily on the relative merits of the suggested California and Ohio forums. Proponents of the California forum stress that i) both Judge Henderson and Judge Patel have tried breast implant actions and are thus very familiar with the issues raised in this docket, ii) several implant manufacturers, including McGhan and Mentor, have their principal places of business in California, and iii) California is presumptively the state with the largest number of actual and potential claimants in the breast implant litigation. Meanwhile, proponents of the Ohio forum emphasize Judge Rubin's familiarity with the litigation, gained by presiding over the consolidated breast implant action (*Dante*) in his district since January 1992. During that time, Judge Rubin has conditionally certified a nationwide, opt-out class of breast implant recipients; established a document depository; appointed a Plaintiffs' Lead Counsel Committee consisting of seven members; scheduled trial on common issues for June 1993; and initiated the dissemination of notice to class members.

We observe that either the Northern District of California or the Southern District of Ohio could be an appropriate forum for this docket and certainly the judges referred to are experienced and well-qualified to handle this litigation. We are troubled, however, by the volume and tone of the negative arguments with which opposing counsel have sought to denigrate each other's forum choices, litigation strategies and underlying motives. A brief recitation of a few of these arguments sufficiently conveys their flavor. For example, various parties argue that 1) parties in the Ohio forum have engendered a flurry of pretrial activity in an effort to dictate our decision on selection of the transferee court; 2) the class in the Southern District of Ohio was certified in a precipitous fashion, without according adequate notice or opportunity to be heard to interested parties nationwide; 3) defendants oppose the California forum only because the two trials there resulted in substantial verdicts against one of them; and 4) the plaintiffs who favor the California forum are forum shopping for a judge who has tried a breast implant action in which plaintiffs prevailed.

Essentially, these arguments are fueled by an acrimonious dispute among counsel,

relating to control of the litigation as well as to how it should proceed (class versus individual treatment). It is neither our function nor our inclination to take sides in this dispute. But we are indeed persuaded that the level of acrimony has caused the parties and counsel on each side to harbor a perception that they would be unfairly affected by selection of any of the suggested forums. This perception of "unfairness" is unwarranted, because this Panel believes that all of the federal judges involved in these 78 actions would conduct these proceedings in a fair and impartial manner. Nevertheless, we recognize that in a mega-tort docket of this nature, involving claimants who may be experiencing litigation for the first time, such a perception could become a dark cloud over these proceedings and threaten their just and efficient conduct.

In light of these considerations, we have determined to look beyond the preferences of the parties in our search for a transferee judge with the ability and temperament to steer this complex litigation on a steady course that will be sensitive to the concerns of all parties. Because no single location stands out as the geographic focal point for this nationwide docket, the scope of our search embraced the universe of federal district judges. By selecting Chief Judge Pointer, a former member of our Panel, Chairman of the Board of Editors of the Manual for Complex Litigation, Chairman of the Judicial Conference's Advisory Committee on Civil Rules, and an experienced multidistrict transferee judge, we are confident that we are entrusting this important and challenging assignment to a distinguished jurist. We urge all parties and counsel to work cooperatively with one another and with Judge Pointer toward the goal of a just, efficient and expeditious resolution of the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable Sam C. Pointer, Jr., for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

*MDL–926—In re Silicone Gel Breast Implants Products Liability Litigation*

### Northern District of California

*Elizabeth Wires v. Surgitek, et al.,* C.A. No. C–91–2132–JPV

*Theresa Ramirez v. Dow Corning Corp., et al.,* C.A. No. C–92–0354–EFL–ARB

*Sharon DeForest, et al. v. Dow Corning Corp., et al.,* C.A. No. C–92–0376–FMS–ENE

*Nancy Ann Colagiovanni, etc. v. Surgitek, Inc., et al.,* C.A. No. C–92–0473–WHO·

*Loretta Patterson, et al. v. Coopersurgical Inc., et al.,* C.A. No. C–92–0662–SAW

*Martha Luce, etc. v. Dow Corning Corp., et al.,* C.A. No. C–92–0732–EFL

*Harriet Schnapper, etc. v. McGhan Medical Corp., et al.,* C.A. No. C–92–0733–BAC

*Tamara Callas, et al. v. The Dow Chemical Co., et al.,* C.A. No. C–92–0793–SC

### Central District of California

*Rebecca Flattman, et al. v. Dow Corning Corp., et al.,* C.A. No. CV–92–1186–SVW

*Christine House, et al. v. Dow Corning Wright, et al.,* C.A. No. CV–92–1547–WMB

### District of Colorado

*Karen Reid v. Dow Corning Corp.,* C.A. No. 90–S–1978

*JoAnn Roberts, et al. v. Baxter Healthcare Corp., et al.,* C.A. No. 91–S–923

*Robin Skinner v. INAMED Corp., et al.,* C.A. No. 91–S–2065

*Judy Stoughton v. McGhan Medical Corp., et al.,* C.A. No. 91–S–2066

*Lynda Roth v. Mentor Corp., et al.,* C.A. No. 92–414

*Diana Hinton, et al. v. Baxter Healthcare Corp., et al.,* C.A. No. 92–415

*Valerie Sommers, et al. v. Bristol–Myers/Squibb Co., et al.,* C.A. No. 92–416

## Middle District of Florida

*Carolyn Repetta v. Dow Corning Corp., et al.*, C.A. No. 90–1360–Civ–T–21

*Mary Louise Smith, et al. v. Dow Corning Corp., et al.*, C.A. No. 90–1361–Civ–T–22C

*Janice Buck v. Baxter Healthcare Corp.*, C.A. No. 90–1379–Civ–T–17

*Judy Taylor, et al. v. Medical Engineering Corp. a/k/a Surgitek*, C.A. No. 90–1408–Civ–T–10A

*Santina ("Tina") Otis, et al. v. Dow Corning Corp., et al.*, C.A. No. 90–1562–Civ–T–21A

*Sharon Fullerton, et al. v. McGhan Medical Corp., et al.*, C.A. No. 91–460–Civ–T–17B

*Lori J. Phillips, et al. v. Surgitek–Medical Engineering Corp.*, C.A. No. 91–1043–Civ–T–21B

*Patricia Bingamon v. Medical Engineering Corp. a/k/a Surgitek*, C.A. No. 91–1108–Civ–T–17C

*Patricia Esper, et al. v. McGhan Medical Corp., et al.*, C.A. No. 91–1117–Civ–T–22B

*Helene Williams, et al. v. Minnesota Mining and Manufacturing Co., et al.*, C.A. No. 92–166–Civ–T–22B

*Dorothy Keeney, et al. v. Minnesota Mining and Manufacturing Co., et al.*, C.A. No. 92–215–Civ–T–17C

## Northern District of Florida

*Sue Carol Hood, et al. v. Dow Corning Corp.*, C.A. No. 92–30061–RV

*Mary Joan Gardner, et al. v. Dow Corning Wright Corp., et al.*, C.A. No. 92–30090–RV

## Southern District of Florida

*Tina Marie Pachivas v. McGhan Medical Corp., et al.*, C.A. No. 92–0572

## Middle District of Georgia

*Sylvia Wilson, et al. v. Surgitek, Inc., et al.*, C.A. No. 92–03–THOM

## Northern District of Georgia

*Debra Crouch v. Surgitek, Inc., et al.*, C.A. No. 92–CV–108–HTW

## District of Hawaii

*Heather Castellanos v. Surgitek–Medical Engineering Corp.*, C.A. No. 92–00031–DAE

## Northern District of Illinois

*Inez Barnett, et al. v. Bristol–Myers/Squibb, et al.*, C.A. No. 92–C–895

## Southern District of Indiana

*Beverly J. Shoun, et al. v. Dow Corning Wright, et al.*, C.A. No. IP92–285–C

## District of Kansas

*Cynthia Steward, et al. v. Dow Corning Corp., et al.*, C.A. No. 92–1105–K

## District of Maryland

*Lugene Yarbrough v. Dow Corning Corp.*, C.A. No. MJG–91–2964

*Billie Rae Terrones v. Dow Corning Corp.*, C.A. No. S92–345

## Eastern District of Michigan

*Mickii Carter, et al. v. Dow Corning Corp.*, C.A. No. 92–CV–10016–BC

*Denise Heinze, et al. v. Dow Corning Corp., et al.*, 92–CV–70920–DT

## District of Minnesota

*Caroline Bromm v. Dow Corning Wright, et al.*, C.A. No. 4–92–Civ–210

*Darlene Ngo v. Dow Corning*, C.A. No. 92–CV–00113

## District of Montana

*Julie Goodroad v. Mentor Corp., et al.*, C.A. No. CV–92–001–GF–PGH

## District of New Jersey

*Marianne Rullo v. Dow Corning Wright, et al.*, C.A. No. 92–1189(JCL)

## District of New Mexico

*Victoria Holt v. McGhan Medical Corp.*, C.A. No. Civ–92–0190–JB

*Janet Peele v. Dow Corning Corp.*, C.A. No. Civ–92–0193–SC

## Eastern District of New York

*Stanley Drucker, et al. v. Dow Corning Corp.*, C.A. No. 91–Civ–2114

*Marita Swirski, et al. v. Dow Corning Wright, et al.*, C.A. No. CV–92–0972

*Violet W. Kennedy, et al. v. Dow Corning Wright, et al.*, C.A. No. CV–92–0973

## Southern District of New York

Sandra K. Richman, et al. v. Dow Corning Corp., C.A. No. 90–Civ–5325

Antoinette Facchini, et al. v. Profiles & Contours, Inc., et al., C.A. No. 91–CV–3755(MSC)

Toni J. Cagle, et al. v. The Cooper Companies, Inc., et al., C.A. No. 91–CV–7828(KC)

Rebecca O. Crenshaw, et al. v. The Cooper Companies, Inc., et al., C.A. No. 92–CV–1099(MGC)

Linda K. Chance v. The Cooper Companies, Inc., et al., C.A. No. 92–CV–1650

Didi Kirschner, et al. v. Dow Corning Corp., et al., C.A. No. 92–CV–1741

Jo Ann Racaniello, et al. v. Dow Corning Corp., et al., C.A. No. 91–CV–7742

### Southern District of Ohio

Brenda Brandenburg, et al. v. Dow Corning Corp., et al., C.A. No. C–1–91–0326

Marilyn Seckler, etc. v. Dow Corning Corp., et al., C.A. No. C–1–92–064

Donna Dante, et al. v. Dow Corning Corp., et al., C.A. No. C–1–92–057

Becky Percifull, et al. v. Dow Corning Corp., et al., C.A. No. C–1–92–260

### Western District of Oklahoma

Denise Andree v. Medical Engineering Corp. d/b/a Surgitek, et al., C.A. No. Civ–91–2143–T

Linda L. Fender v. Dow Corning Wright Corp., C.A. No. Civ–91–388–W

Paula Norwood, et al. v. Medical Engineering Corp. d/b/a Surgitek, et al., C.A. No. Civ–91–1689–W

Maggie L. Cook v. Dow Corning Wright Corp., C.A. No. Civ–92–397–A

### District of Oregon

Leaann Hall v. Heyer Schulte Corp. of Santa Barbara, C.A. No. 92–182

### Eastern District of Pennsylvania

M.S. Boyer, etc. v. Medical Engineering Corp., et al., C.A. No. 92–CV–0570

### Western District of Pennsylvania

Lisa M. Kyzer, etc. v. Dow Corning Corp., C.A. No. 92–0366

### District of South Carolina

Debbie Droz, et al. v. Dow Corning Corp., et al., C.A. No. 2–92–0677–18

Connie Strickland v. Bristol–Myers/Squibb, et al., C.A. No. 4–91–3617–2

### Western District of Texas

Marilyn S. Jennings v. The Cooper Companies, Inc., et al., C.A. No. W–91–CA–321

### Southern District of Texas

Holly Galando v. Dow Corning Corp., et al., C.A. No. 8–92–792

### District of Utah

Lori Campbell Gee v. Surgitek, et al., C.A. No. 91–C–704–G

### Eastern District of Virginia

Mary Schiavone, et al. v. Dow Corning Corp., C.A. No. 92–225–A

### Southern District of West Virginia

Phyllis J. Lane, et al. v. McGhan Medical Corp., C.A. No. 2:92–0206

### Western District of Washington

Cynthia R. Malmlov v. Corning Inc., C.A. No. C–92–56

Sunny Powell–Naumann, et al. v. Heyer Schulte Corp., et al., C.A. No. C–92–5096

### Eastern District of Wisconsin

Sharon Lea Busse, et al. v. Dow Corning Corp., et al., C.A. No. 92–0277