Mary ADAMS, Annabella Campbell, Caroline Cordts, Melody Davis, Diana Deem, Nicole French, Melba Hyde, Christine Ischkum, Roberta Kaplan, Sandra Lewallan, Nancy Lichtenstein, Diane Moceri, Mary Pieranunzi, Lynda Seevers, Lavonda Slifer, Marcella Somerville, Helen Spaulding, Joann Stewart, Lois Taylor, and Laura Wright/Baxter Healthcare Corp., Appellants/Appellees,

v.

BAXTER HEALTHCARE CORPORATION, American Heyer–Schulte, and Dr. James Fox/Mary Adams, Cynthia Allen, Annabella Campbell, Caroline Cordts, Pauline Curbo, Melody Davis, Diana Deem, Nicole French, Melba Hyde, Christine Ischkum, Roberta Kaplan, Sandra Lewallan, Nancy Lichtenstein, Diane Moceri, Mary Pieranunzi, Lynda Seevers, Lavonda Slifer, Marcella Somerville, Helen Spaulding, Joann Stewart, Lois Taylor, and Laura Wright, Appellees/Appellants.

No. 03–98–00323–CV.

Court of Appeals of Texas, Austin.

July 29, 1999.

Rehearing Overruled Sept. 23, 1999.

Michael T. Gallagher, Gallagher, Lewis & Downey, Houston, for Appellants.

John K. Schwartz, Liddell, Sapp, Zivley, Hill & La Boon, L.L.P., Austin, for Appellees.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

BEA ANN SMITH, Justice.

Appellants/appellees Mary Adams et al.[1] are nineteen Illinois and Indiana residents (the "foreign plaintiffs") who originally joined with four Texas plaintiffs[2] to sue appellee/appellant Baxter Healthcare Corporation and appellee American Heyer–Schulte (together "Baxter"),[3] along with appellee Dr. James Fox, for injuries caused by allegedly defective breast implants. The trial court granted Baxter's motion to sever the nineteen foreign plaintiffs' claims from the four Texas plaintiffs' claims and to dismiss the nineteen foreign plaintiffs' claims under Texas's *forum non conveniens* statute. In their sole issue on appeal, the foreign plaintiffs claim that the trial court abused its discretion in severing and dismissing their claims.

As a condition of granting the dismissal, the trial court required Baxter to file a stipulation pursuant to former section 71.051(c)[4] of the Civil Practice and Remedies Code agreeing to waive any and all limitations defenses against the foreign plaintiffs if they refiled their claims in another jurisdiction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.051(c) (West 1997). Baxter also appeals, contending that the trial court erred in construing former section 71.051(c) to require an unlimited waiver of limitations defenses. We will affirm the order of the trial court in both appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 1997, the nineteen foreign plaintiffs and the four Texas plaintiffs filed suit against Baxter and Dr. James Fox for injuries suffered as a result of allegedly defective breast implants. Baxter is an Illinois corporation and Dr. Fox is a resident of Texas. Plaintiffs asserted claims of products liability, breach of express and implied warranties, negligence, violations of the Deceptive Trade Practices Act,[5] fraud, misrepresentation, and civil conspiracy against Baxter because its predecessor manufactured their breast implants. Dr. Fox was sued because he performed the implant surgery on Melba Hyde, one of the Texas plaintiffs.

Claiming that the nineteen foreign plaintiffs were improperly joined with the Tex-

---

**1.** The nineteen "foreign plaintiffs" are Mary Adams, Annabella Campbell, Caroline Cordts, Melody Davis, Diana Deem, Nicole French, Christine Ischkum, Roberta Kaplan, Sandra Lewallan, Nancy Lichtenstein, Diana Moceri, Mary Pieranunzi, Lynda Seevers, Lavonda Slifer, Marcella Somerville, Helen Spaulding, Joann Stewart, Lois Taylor, and Laura Wright.

**2.** The four Texas plaintiffs are Cynthia Allen, Pauline Curbo, Melba Hyde, and Bobbie Lyon; their severed claims remain pending in Travis County district court. Melba Hyde was erroneously listed with the foreign plaintiffs as an appellant. However, her cause of action was severed from those of the foreign plaintiffs and remains pending in the trial

court. She cannot appeal the trial court judgment in this severed cause because it is not final as to her. We therefore dismiss her appeal for want of jurisdiction.

**3.** American Heyer–Schulte was sued as Baxter's predecessor. For convenience, we will refer to both corporate defendants as "Baxter" unless the context indicates otherwise.

**4.** This suit was filed on May 28, 1997. The parties agree that the version of section 71.051(c) applicable to this case is the one in effect prior to May 29, 1997, the date of the statute's amendment.

**5.** *See* Tex. Bus. & Com.Code Ann. §§ 17.41–.63 (West 1987 & Supp.1999) ("DTPA").

as plaintiffs, Baxter moved to sever their claims; in the alternative, it moved for separate trials for each of the twenty-three plaintiffs. As part of its motion to sever, Baxter moved to dismiss the foreign plaintiffs' claims under the former version of the Texas *forum non conveniens* statute. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.051(b) (West 1997). Baxter also asked the trial court to take judicial notice of the laws of Indiana and Illinois in connection with its *forum non conveniens* motion.

Baxter included with its *forum non conveniens* motion a proposed stipulation waiving any limitations defenses that had accrued since May 27, 1997, the date the lawsuit was filed. The trial court granted Baxter's severance and *forum non conveniens* motions, along with its motion to take judicial notice of the laws of other states. However, the trial court rejected Baxter's proposed stipulation; instead, it required Baxter to waive any and all defenses based on statutes of limitations, pursuant to former section 71.051(c). *See id.* § 71.051(c). In its sole point of error, Baxter alleges that the trial court erred in requiring it to waive any defenses based upon the statute of limitations as a condition of dismissal.

In its findings of fact and conclusions of law, the trial court determined that: (1) the foreign plaintiffs' claims had no connection to Texas; (2) their claims did not arise out of the same transaction or series of transactions or occurrences as the claims of the Texas plaintiffs; (3) their claims were improperly joined with the claims of the Texas plaintiffs; (4) Indiana and Illinois provide adequate and more appropriate alternative forums for their claims, and are fair, reasonable, and convenient places of trial; and (5) maintenance of these claims in Texas would work a substantial injustice to Baxter. In their sole issue on appeal, the foreign plaintiffs claim that the trial court abused its discretion in severing their claims and in granting Baxter's motion for dismissal for *forum non conveniens.*

## DISCUSSION

### I. Baxter's Appeal

We first address Baxter's contention that the trial court erroneously construed former section 71.051(c) to require Baxter to waive all limitations defenses that could be raised against the foreign plaintiffs in other forums as a condition of dismissing their claims in Texas. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.051(c) (West 1997). Baxter argues that former section 71.051(c) requires only a stipulation waiving limitations defenses accruing *from the date of filing* in the forum from which dismissal is sought.

 Our objective when we construe a statute is to determine and give effect to the legislature's intent. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998) (citing Tex. Gov't Code Ann. § 312.005 (West Supp. 1999) and *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex.1997)). We endeavor to discover what the legislature intended from the actual language employed. *Mitchell Energy,* 943 S.W.2d at 438. We look first to the plain and common meaning of the statute's words. *See Liberty Mut. Ins. Co.,* 966 S.W.2d at 484. When the legislature has failed to define a specific word in a statute, courts apply its ordinary meaning. *See Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex.1993). Courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning. *See Sexton v. Mount Olivet Cemetery Ass'n,* 720 S.W.2d 129, 138 (Tex.App.—Austin 1986, writ ref'd n.r.e.). Likewise, courts are not free to formulate forced or strained definitions for statutory terms. *See Blair v. Razis,* 926 S.W.2d 784, 787 (Tex.App.—Tyler 1996, no writ).

### A. Construction of the *forum non conveniens* statute

At the time the suit was filed, section 71.051(c) of the Texas Civil Practice and Remedies Code provided that a defendant must waive *any* limitations defense:

> (c) No stay or dismissal shall be granted under Subsection (b) until all properly joined defendants file with the clerk of the court a written stipulation that each defendant will:
>
> (1) submit to the personal jurisdiction of the courts of the other forum;
>
> (2) waive *any defense* based on the statute of limitations applicable in the other forum with respect to all causes of action brought by a party to which this section applies.

Tex. Civ. Prac. & Rem.Code Ann. § 71.051(c) (West 1997) (emphasis added). The trial court read former section 71.051(c)(2) to require a complete waiver of limitations defenses, rather than the limited waiver in Baxter's first stipulation waiving only defenses based on limitations arising after May 28, 1997. No Texas case has construed former section 71.051(c)(2). However, given the standard of statutory construction that we must follow, we hold that the trial court correctly interpreted the statute. Because former section 71.051(c) is clear and unambiguous on its face, we must give common meaning to its terms. We interpret "waive any defense" to mean a complete waiver of any and all defenses based on the statute of limitations, not the limited waiver Baxter seeks. We are not at liberty to narrow the definition of "any" to apply only to those limitations defenses that otherwise would have arisen thereafter but for the filing of the original lawsuit.

Baxter contends that this interpretation is contrary to legislative intent and leads to absurd and unintended results. Texas courts applied *forum non conveniens* as a common law doctrine until the legislature enacted the *forum non conveniens* statute in 1993. *See, e.g., Couch v. Chevron Int'l*

*Oil Co.*, 672 S.W.2d 16 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The purpose of the *forum non conveniens* statute is to ensure that cases will be heard in the most proper and convenient forum and to prevent cases from being heard in a forum fundamentally unfair to the defendant or to the public. *See In re Smith Barney*, 975 S.W.2d 593, 598 (Tex. 1998) (citing *Dow Chemical Co. v. Alfaro*, 786 S.W.2d 674 (Tex.1990)). Baxter argues that requiring a complete waiver of limitations defenses has the opposite effect, actually encouraging plaintiffs who have little or no connection to Texas to bring their claims in this state. Baxter contends that plaintiffs who have allowed the statute of limitations to run in a more appropriate forum state or states will be able to revive their claims by filing suit in Texas, requiring a defendant to waive all limitations defenses, and having their claims dismissed for *forum non conveniens*, thereby permitting such plaintiffs to file claims in forum states that were previously time-barred. Baxter argues that the legislature could not have intended to create such a loophole in enacting the statute; thus former section 71.051 should be read to require only a limited waiver of limitations defenses by a defendant seeking *forum non conveniens*, which would put the dismissed plaintiffs in exactly the same position they were in on the date of filing the original lawsuit. *See Direct Color Servs. v. Eastman Kodak Co.*, 929 S.W.2d 558, 565 (Tex.App.—Tyler 1996, writ denied).

Baxter cites *Direct Color Services* as a case where the court required only a limited waiver. However, *Direct Color Services* applied the common-law doctrine of *forum non conveniens* because the 1993 statute had not been enacted at the time of suit. In this case, we must interpret former section 71.051, not the common law; *Direct Color Services* therefore has little bearing on this appeal.[6] Baxter has not

---

**6.** Although Baxter relies on *Direct Color Services* for the proposition that defendants are

only required to waive those limitations defenses that arise after the date of filing of the

cited any authority that (1) interprets former section 71.051 as limiting the waiver, or (2) demonstrates that requiring a limited waiver is the accepted practice by Texas courts under Texas law.[7] Moreover, we do not agree that requiring a complete waiver will invite a flood of stale claims into Texas. Baxter has not pointed to any instance where a foreign plaintiff was able to use the Texas *forum non conveniens* statute to resurrect her expired cause of action in another forum. Nor has it shown why a claim that has expired in another state would not also have expired in Texas and therefore be subject to an ordinary limitations defense when brought in Texas. While we assume that the legislature did not intend to invite stale claims into Texas, the plain language of former section 71.051 indicates that the legislature intended to require defendants to waive all limitations defenses.

■ Finally, Baxter argues that the fact that the legislature revised the statute[8] and omitted the specific complete-waiver requirement is evidence that the legislature must not have intended to require a complete waiver as a condition to a *forum non conveniens* dismissal in the prior version of the statute. We reject this argument. One session of the legislature does not have the power to declare the intent of a past session. *See Rowan Oil Co. v. Texas Employment Comm'n,* 152 Tex. 607, 263 S.W.2d 140, 144 (1953). In any event, we read the amended version of section 71.051(c) as simply reflecting the legislature's intent to grant more discretion to the trial court in imposing conditions for a *forum non conveniens* dismissal. The amended version allows the trial court to impose either more relaxed or more exacting conditions on the defendant at its discretion. Because the prior version of the statute is clear and unambiguous on its face and because the plain meaning of the statute reflects the legislature's intent, we find that the trial court did not err in its reading of former section 71.051(c).

**B. Baxter's constitutional arguments**

■ Baxter contends that former section 71.051(c) is unconstitutional on its face because it violates principles of comity and full faith and credit. Article IV, section 1 of the United States Constitution provides:

> Full faith and credit shall be given in each state to the public Acts, Records, and judicial Proceedings of every other state. And the congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof.

U.S. Const., art. IV, § 1. The full faith and credit clause requires that a valid judgment from one state be enforced in other states regardless of the laws or public policy of the other states. *See Bard v. Charles R. Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 794 (Tex.1992) (citing *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 714, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982)). Comity is "a principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another." *Gannon v. Payne,* 706 S.W.2d 304, 306 (Tex.1986). Baxter argues that by requiring it to waive all of its limitations defens-

---

original lawsuit, the case actually focuses on the applicability of the *forum non conveniens* doctrine itself. The court did not examine the waiver requirement.

7. The foreign plaintiffs argue that the Texas Legislature had the benefit of considering federal authority requiring complete waivers of limitations defenses when it enacted former section 71.051; they cite several federal cases as examples. However, we are not bound by the federal standard, only by the statute enacted by the Texas Legislature in 1993.

8. The amended statute currently provides: "The court may set terms and conditions for staying or dismissing a claim or action under this section as the interests of justice may require, giving due regard to the rights of the parties to the claim or action." Tex. Civ. Prac. & Rem.Code Ann. § 71.051(c) (West Supp.1999).

es, former section 71.051(c) interferes with the right of other states to dismiss stale claims. Texas has an interest in dismissing claims for *forum non conveniens,* but other states have an interest in not hearing stale claims. Therefore, Baxter argues, Texas will infringe upon the laws and policies of the other states by forcing them to hear claims that expired before May 28, 1997.

We will not pass on the constitutionality of a statute upon complaint of one who fails to show he is injured by its operation. *See Friedrich Air Conditioning & Refrigeration Co. v. Bexar Appraisal Dist.,* 762 S.W.2d 763, 771 (Tex.App.—San Antonio 1988, no writ) (citing *Ashwander v. Tennessee Valley Auth.,* 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1935)). The party challenging a statute bears the burden of showing that the statute is unconstitutional. *See Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex.1974); *Raitano v. Texas Dep't of Pub. Safety,* 860 S.W.2d 549, 550 (Tex.App.—Houston [1st Dist.] 1993, writ denied). A statute is not facially invalid unless it could not be constitutional under any circumstances. *See Appraisal Review Bd. of Galveston County v. Tex–Air Helicopters, Inc.,* 970 S.W.2d 530, 534 (Tex.1998). Moreover, a statute need not be declared unconstitutional simply because it might be unconstitutional as applied to the facts of another case. *See Weiner v. Wasson,* 900 S.W.2d 316, 332 (Tex.1995).

While it contends that it may be forced to defend against stale claims after waiving all of its limitations defenses, Baxter has not shown that it will actually have to defend against any claims that expired before May 28, 1997. Baxter merely speculates that a new forum state or a defendant might be harmed by the revival of stale claims as a result of dismissal from Texas for *forum non conveniens.* It suggests that the effect of former section 71.051(c), forcing states to hear stale claims, will violate principles of full faith and credit and comity, but it has not of-

fered any instance of such harm. Baxter has not met its burden of proving that former section 71.051 cannot be constitutional under any circumstances. Nor has it shown any other case where waiver of all limitations defenses has been held to violate the federal constitution. Lastly, Baxter has not shown that former section 71.051 as applied in this case is unconstitutional.

Accordingly, Baxter's sole issue is overruled.

## II. The Foreign Plaintiffs' Appeal

The applicable standard of review for a severance order is whether the trial court abused its discretion. *See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex. 1990). The abuse of discretion standard also governs our review of a *forum non conveniens* dismissal. *See Direct Color Servs.,* 929 S.W.2d at 563 (citing *Sarieddine v. Moussa,* 820 S.W.2d 837, 841 (Tex. App.—Dallas 1991, writ denied)). The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Put another way, the test is whether the trial court's act was arbitrary or unreasonable. *See id.* at 242. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *See id.* Under an abuse of discretion standard, we view the evidence in the light most favorable to, and indulge every presumption in favor of, the trial court's action. *See Sun Coast Resources, Inc. v. Cooper,* 967 S.W.2d 525, 529 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j); *Varme v. Gordon,* 881 S.W.2d 877, 882 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

### A. Severance of the foreign plaintiffs' claims

■ The Texas Rules of Civil Procedure permit joinder of all persons in one action as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to them will arise in the action." Tex.R. Civ. P. 40(a). The foreign plaintiffs argue that because their claims arose out of the same transaction, occurrence, or series of transactions or occurrences as the Texas plaintiffs' claims and because there are common issues of law or fact in each plaintiff's claim, the trial court erred in severing their properly-joined claims. They contend that they are all suing for injuries allegedly relating to breast implants, and they assert the same right to relief. In addition, it is alleged that there are issues of law and fact that are common to the foreign and Texas plaintiffs, and that trying the cases separately will lead to a high volume of repetitive litigation due to the similarity of the activity connected with the design and manufacture of their implants.

■ Any claim against a party may be severed and proceeded with separately. Tex.R. Civ. P. 41. A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *See Guaranty Fed. Sav. Bank,* 793 S.W.2d at 658. The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *See id.* A trial court has broad discretion to grant a severance, and its decision will not be reversed absent an abuse of that discretion. *See id.*

In discussing consolidation of claims, the supreme court has stated that courts should proceed with extreme caution in consolidating breast implant cases. *See In re Bristol–Myers Squibb Co.,* 975 S.W.2d 601, 603 (Tex.1998). In *Bristol–Myers Squibb,* the court examined criteria comparable to the so-called "Maryland factors" used in asbestos cases. *See id.* at 603–04 (citing *In re Ethyl Corp.,* 975 S.W.2d 606, 611–15 (Tex.1998)). The supreme court refused to grant the extraordinary relief of mandamus because the defendants failed to show that the disparities among the claims would materially affect the fairness of the trial:

> In sum, if the defendants had demonstrated that the disparities among the claims would actually affect the trial of the case and the evidence that the jury would consider, we would be inclined to agree with the manufacturers that a jury would be confused and that the parties would be prejudiced by a single trial of these nine claims. But evidence has not been provided to support the claims of prejudice and confusion.... [T]here is no evidence in the record to support these assertions....

*Id.*

■ Even for cases involving common issues of law, if the issues stem from distinct factual scenarios that would tend to confuse or prejudice the jury, consolidation may not be proper. *See Blalock Prescription Center, Inc. v. Lopez–Guerra,* 986 S.W.2d 658, 664 (Tex.App.—Corpus Christi 1998, no pet.). *Lopez–Guerra* involved a severance issue similar to the one presented in this appeal. Eva Lopez–Guerra was a Hidalgo County resident who brought suit there against a doctor who prescribed her "fen/phen" diet drugs and against various corporations that manufactured or distributed the drugs. Sharon Limpach, then a resident of Harris County, joined Lopez–Guerra's suit in Hidalgo County even though Limpach purchased and was prescribed "fen/phen" drugs in Harris County and later sought treatment in Hays and Travis Counties. *See id.* at 660. One of the issues on appeal was whether the trial court erred in refusing to sever Limpach's suit. The court of ap-

peals concluded that joinder was not proper:

> When the pleadings are considered, we find the women, who resided in different counties, were seen by different doctors, who prescribed different combinations of drugs that were produced by different manufacturers. The prescriptions were filled by different pharmacists over different periods of time. Limpach's injuries were significantly greater than those of Lopez–Guerra. Although the claims may share common questions of law regarding negligence and products liability, the distinct factual scenarios are not logically related. Thus, we conclude the claims do not arise out of the same transaction or occurrence and joinder under Rule 40 is not proper.

*Id.* at 664.

The trial court in this case considered the following evidence submitted by Baxter in support of its motion to sever: the affidavit of Baxter's counsel John Schwartz; the plaintiffs' responses to Baxter's discovery requests; a summary of the plaintiffs' interrogatory responses prepared by defense counsel; and the plaintiffs' original petition. The trial court's findings of fact and conclusions of law included the following: (1) none of the transactions or occurrences that form the basis of the foreign plaintiffs' causes of action took place in Texas or had any connection to this state; (2) the foreign plaintiffs' claims are factually distinct from those of the Texas plaintiffs and require separate evidence and proof; (3) only plaintiff Melba Hyde received medical care from Dr. Fox, and he was not properly joined as a defendant by the foreign plaintiffs; (4) the foreign plaintiffs' causes of action do not arise out of the same transaction, occurrence, or series of transactions or occurrences that are the basis of the causes of action asserted by the Texas plaintiffs; (5) the law governing the foreign plaintiffs' claims is significantly different from the law governing the claims of the Texas plaintiffs; (6) substantially all of the witnesses and discovery related to the foreign plaintiffs' claims are located in Indiana and Illinois; and (7) if the foreign plaintiffs' claims were tried in Texas, a Texas court could not compel depositions of the foreign plaintiffs' treating physicians or other witnesses, or compel the production of medical, employment, and other records located out-of-state. The court concluded that it would be impossible to properly try the claims of all the plaintiffs in a single trial because (1) each plaintiff's claims are factually distinct and require separate witnesses, which would result in a long and confusing trial; (2) evidence that is admissible as to the claims of some plaintiffs would be inadmissible as to other plaintiffs; and (3) the laws applicable to each plaintiff's claims are not the same, resulting in a long, complicated, and confusing jury charge.

Unlike the defendants in *Bristol–Myers Squibb,* Baxter presented evidence supporting its claim that a consolidated trial would result in confusion and prejudice. As dictated by the supreme court in *Bristol–Myers Squibb,* the first consideration analogous to the Maryland factors is the existence of "learned intermediaries," i.e., physicians. 975 S.W.2d at 604. Baxter established that Dr. Fox did not provide medical care to any plaintiff except Melba Hyde, and that all but two of the plaintiffs received their implants from different physicians. These facts support the trial court's severance order in the present case, where the plaintiffs charged Dr. Fox with fraud, civil conspiracy, and negligent failure to warn. *See id.; Lopez–Guerra,* 986 S.W.2d at 664; *compare In re Orthopedic Bone Screw Prods. Liab. Litig.,* 1995 WL 428683 at *2 (E.D.Pa.1995) (plaintiffs from different states implanted with allegedly defective bone screws did not satisfy "transaction or occurrence" requirement in analogous Fed.R.Civ.P. 20(a)), *with In re Norplant Contraceptive Prods. Liab. Litig.,* 168 F.R.D. 579, 581 (E.D.Tex.1996) (Rule 20(a)'s "transaction or occurrence" requirement met by plaintiffs' allegation

that defendants failed in nationwide promotional materials to adequately warn plaintiffs of risks of implanted contraceptives; plaintiffs did not have to be treated by same physician or at same medical facility).

The supreme court noted two additional considerations analogous to the Maryland factors: whether the claims involve implants by multiple manufacturers, and whether the types of alleged injuries differ. *See Bristol–Myers Squibb*, 975 S.W.2d at 604. Although neither of these factors appears to support severance in the present case, choice-of-law and fairness considerations do. The foreign plaintiffs do not dispute the trial court's findings that the laws of Indiana and Illinois govern their claims and that these laws are significantly different from the laws of this state, which govern the Texas plaintiffs' claims. Instead, the foreign plaintiffs argue that the trial court could not have properly taken judicial notice of defense counsel's summarization of the laws of Indiana and Illinois. However, because the trial court properly took notice of the laws themselves—as the foreign plaintiffs acknowledge—this argument is misplaced. The foreign plaintiffs also do not challenge the trial court's finding that a consolidated trial would prejudice Baxter because it would be unable to compel discovery measures for witnesses and documents located out of state. The trial court's determination that confusion and prejudice would result from a consolidated trial supports its severance order.

Next, the foreign plaintiffs argue that Baxter judicially admitted that the foreign and Texas plaintiffs share common issues of law and fact when it supported consolidation of breast-implant claims before the Judicial Panel on Multi–District Litigation ("MDL Panel"). *See In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F.Supp. 1098, 1099 (J.P.M.L.1992). However, all that has been shown is that Baxter supported centralization of a number of breast implant cases for purposes of pretrial procedure. *See* 28 U.S.C. § 1407(a) ("When civil actions involving one or more questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."). Baxter's support of consolidation for limited pretrial purposes in another litigation does not prevent the trial court from ordering severance in this case. Clearly, *some* common issues of law and fact are shared by the foreign and Texas plaintiffs in this case; Baxter's position before the MDL admits no less. But while some common links could suffice to allow joinder in some cases, we do not think they can defeat severance as a matter of law in every circumstance. Otherwise, as Baxter points out, every breast implant suit nationwide could be joined in a single Texas court on the basis that there are common issues of law and fact relating to the existence of manufacturing defects. Baxter's posture before the MDL Panel does not convince us that the trial court abused its discretion in this regard.

The relevant question for our review of the severance order is not whether the trial court might have allowed joinder of the foreign and Texas plaintiffs' suits; the issue is whether the trial court erred in determining that the cases involve distinct factual scenarios that would tend to confuse or prejudice the jury. We hold that the trial court here properly assessed whether confusion or prejudice would result if these claims were tried together, and the evidence adequately supports its conclusion that they would. No abuse of discretion has been shown.

## A. Dismissal of the foreign plaintiffs' claims for *forum non conveniens*

Under former section 71.051(b), a court may dismiss an action under the doctrine of *forum non conveniens* if the party seeking to stay or dismiss the action proves by a preponderance of the evidence that:

(1) a forum outside this state is a more appropriate forum that:

(A) offers a remedy for the causes of action brought by a party to which this section applies;

(B) as a result of the submission of the parties or otherwise, can exercise jurisdiction over all parties and claims properly joined in the action by the claimant; and

(C) would provide a place of trial that is fair, reasonable, and convenient to the parties;

(2) maintenance of the action in the courts of this state would work a substantial injustice to the moving party and the balance of the private interests of all the parties and the public interest of the state predominates in favor of the action being brought in the other forum; and

(3) the stay or dismissal would not, in reasonable probability, result in unreasonable duplication or proliferation of litigation.

Tex. Civ. Prac. & Rem.Code Ann. § 71.051(b) (West 1997). The trial court found that Baxter established by a preponderance of the evidence enough factors to support a *forum non conveniens* dismissal.

The trial court considered the requirements of former section 71.051(b) and made the following findings of fact and conclusions of law: (1) Illinois and Indiana are more appropriate forums for the foreign plaintiffs than Texas; (2) the courts of Illinois and Indiana offer a remedy for the foreign plaintiffs' causes of action; (3) the courts of Illinois and Indiana can exercise jurisdiction over all parties and claims properly joined in the action by the foreign plaintiffs; (4) Illinois and Indiana provide a place of trial that is fair, reasonable, and convenient to the parties; (5) maintaining this suit in a Texas forum would work a substantial injustice on Baxter; (6) the public and private interests predominate in favor of dismissal; and (7) dismissal would not result in unreasonable duplication or proliferation of litigation.

■■■■ The foreign plaintiffs do not challenge these findings, but argue that dismissal was improper under former subsection (f)(1) of section 71.051. That subsection provides that a court may not stay or dismiss an action pursuant to subsection (b) "if a claimant in the action who is properly joined is a legal resident of this state." Tex. Civ. Prac. & Rem.Code Ann. § 71.051(f)(1) (West 1997). The foreign plaintiffs contend that because Melba Hyde, one of the Texas plaintiffs originally joined in the suit against Baxter, was properly joined in the suit, the trial court violated former section 71.051(f)(1) when it dismissed the foreign plaintiffs' claims for *forum non conveniens.* However, the trial court determined that Hyde's claim was not properly joined in the original suit, and properly severed the foreign plaintiffs' claims from those of the Texas plaintiffs. The court then dismissed the foreign plaintiffs' claims under former section 71.051(b). We read former section 71.051(f)(1) to forbid dismissal only when plaintiffs or claims *remain* properly joined; it does not forever preclude dismissal simply because the trial court may have believed *at one time* that the foreign plaintiffs were properly joined under Rule 40. We hold that former section 71.051(f)(1) cannot be used to prevent dismissal under former section 71.051(b) under the present circumstances.

The foreign plaintiffs have not shown any abuse of discretion in the severance and dismissal of their claims. Accordingly, their sole issue is overruled.

### CONCLUSION

We hold that the trial court did not abuse its discretion in severing and dismissing the foreign plaintiffs' claims; it also did not err in requiring Baxter to waive all limitations defenses under former section 71.051(c) as a condition of dismissing the foreign plaintiffs' claims. The trial-court judgment is therefore affirmed in all respects.