**Dora DELGADO, et vir., Appellant,**

v.

**Dr. J.C. BURNS, Appellee.**

**No. B14–82–553CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 24, 1983.

Rehearing Denied April 28, 1983.

John H. Holloway, Houston, for appellant.

Robert J. Swift, Fulbright & Jaworski, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

This is an appeal from a summary judgment in favor of appellee sustaining his plea of limitation. The suit was for medical malpractice and the plea of limitations was based upon 1975 Tex.Gen.Laws, Ch. 330, § 4, at 865 (Tex.Ins.Code Ann. art. 5.82, § 4, now repealed). Appellants complain of the court's action in sustaining the plea and attack the constitutionality of the limitation provision of the article. We affirm.

The hearing on limitation consisted of facts stipulated and agreed upon by the parties. Basically, these facts were (1) the surgery complained of was performed on October 9, 1975; (2) appellant Dora Delgado was released from the hospital on October 18, 1975, and she was last seen by appellee for post-operative checkup on December 8, 1975; (3) beginning in November, 1977, Dora Delgado experienced pain or discomfort and was seen by appellee and another doctor on February 3, 1978 when a staple utilized in the surgical procedure was removed from her body; (4) surgery to remove additional staples was recommended and a pre-hospitalization appointment was made but Mrs. Delgado did not show; (5) appellants were unaware that surgical staples had been used in the surgery until February 3, 1978; and (6) appellee was insured under a liability policy during the time period in controversy. Appellants filed their suit on March 28, 1979.

The statute which appellants now attack limited the filing of malpractice suits against physicians carrying medical liability insurance to two years.

Appellee challenges our jurisdiction to consider the issues raised in appellants' brief because they failed to file any written response or answer to appellee's motion for summary judgment which would "fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion." We sustain this challenge as to their present attack upon the constitutionality of the statute as contained in the second point of error but overrule it as to the first point concerning the applicability of the discovery rule to the repealed article 5.82, § 4.

■ Tex.R.Civ.P. 166–A(c) governing summary judgment proceedings provides that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." The Supreme Court has consistently held this provision to be mandatory. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Smith v. Knight,* 598 S.W.2d 720 (Tex.Civ.App.—Ft. Worth), *writ ref'd n.r.e. per curiam,* 608 S.W.2d 165 (Tex. 1980). Since appellants never opposed the granting of the motion on the basis the statute was unconstitutional in the trial court, they may not be heard to urge it for the first time on appeal. *Sax v. Votteler,* 636 S.W.2d 461, 465 (Tex.App.—Texarkana 1982, writ granted). Appellants' second point of error is overruled.

Concerning appellants' first point of error, however, this matter was brought to the attention of the court in the stipulated facts and was ruled upon by the court in its judgment when it found "that § 4 of Article 5.82 of the Insurance Code applies and that the discovery rule is not applicable." Accordingly, we hold the question concerning the applicability of the "discovery rule" to the repealed article 5.82, § 4 is properly before us for review.

Prior to June 3, 1975, the applicable statute of limitations for all medical malpractice suits was contained in Tex.Rev.Civ. Stat.Ann. art. 5526 (Vernon 1958). That statute provided the cause of action shall be commenced within two years after it "shall have accrued." While most causes of action "accrued" on the date of the occurrence, the Texas Supreme Court held in *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967) "causes of action based upon the alleged negligence of a physician in leaving a foreign object in his patient's body are proper subjects for the 'discovery rule'" and engrafted this rule into the statute. In so doing, the court quoted with approval from *Fernandi v. Strully,* 35 N.J. 434, 173 A.2d 277 (1961):

> [T]he question when a cause of action *accrues* is a judicial one, and to determine it in any particular case is to establish a general rule of law for a class of cases, which rule must be founded on reason and justice.
>
> In the absence of legislative definition and specification, the ... courts have often been called upon to delineate the statute; they have conscientiously sought to apply it with due regard to the underlying statutory policy of repose, without, however, permitting unnecessary individual injustices....

The court-made "discovery rule" was later applied to vasectomy operations, *Hays v. Hall,* 488 S.W.2d 412 (Tex.1973), and excessive treatment with X-rays, *Grady v. Faykus,* 530 S.W.2d 151 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

In 1975, the 64th Legislature passed Chapter 330 amending Chapter 5 of the Texas Insurance Code. Section 4 thereof provided:

> Notwithstanding any other law, no claim against a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine or podiatry or certified to administer anesthesia in this state or a hospital licensed under the Texas Hospital Licensing Law, as amended (Article 4437f, Vernon's Texas Civil Statutes), whether for breach of express or implied contract or tort, for compensation for a medical treatment or hospitalization may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date the medical treatment that is the subject of the claim or the hospitalization for which the claim is made is completed, except that minors under the age of six years shall have until their eighth birthday in which to file, or have filed on their behalf, such claim. Except as herein provided, this section applies to all persons regardless of minority or other legal disability.

By further express provision of the Act it was to "take effect upon its passage and expire on December 31, 1977, except that causes of action accruing during the effective life of this Act shall be filed pursuant to the provisions of § 4 hereof."

 It is readily apparent that the legislature, in passing Chapter 330, § 4, abrogated the court-made rule of when certain classes of malpractice causes of action "accrue" by so wording the statute to delete the reference to when the cause of action "accrues." It is well recognized that the legislative branch of the government has the power to change court-made rules and if there is a conflict between the rule of the court and the legislative enactment, the ju-

dicial rule must yield. *Few v. Charter Oak Fire Insurance Company,* 463 S.W.2d 424 (Tex.1971). Accordingly, we hold that the trial court properly concluded the "discovery rule" was not applicable and properly rendered summary judgment. Appellants' first point of error is overruled.

The judgment is affirmed.