Dora DELGADO et vir., Petitioners,

v.

Dr. J.C. BURNS, Respondent.

No. C–2097.

Supreme Court of Texas.

July 20, 1983.

Rehearing Denied Oct. 5, 1983.

John H. Holloway, Houston, for petitioners.

Fulbright & Jaworski, Barry K. Green and Robert J. Swift, Houston, for respondent.

PER CURIAM.

Dora Delgado appeals from a take-nothing summary judgment rendered in a medical malpractice suit brought against Dr. J.C. Burns. The trial court granted the defendant-physician's motion for summary judgment based upon the two-year statute of limitations found in Tex.Ins.Code Ann. art. 5.82, § 4.[1] The court of appeals affirmed, holding that the "discovery rule" is inapplicable to medical malpractice actions controlled by article 5.82. 650 S.W.2d 505. We reverse the judgments of the courts below and remand the case to the trial court for trial on the merits.

The underlying facts have been stipulated by the parties. Dr. Burns performed a hysterectomy on Mrs. Delgado on October 9, 1975. She was released from the hospital on October 18, 1975. Her last post-operative check-up was December 8, 1975.

Mrs. Delgado began experiencing pain and discomfort in November 1977. She returned to Dr. Burns' office on February 3, 1978, where he and another physician removed a staple used in the 1975 surgical procedure. Surgery to remove additional staples was recommended and a pre-hospitalization appointment was made; however, Mrs. Delgado did not show.

---

1. The statute, which was in effect at the time Mrs. Delgado's cause of action arose, has since been repealed, but controls actions arising after June 3, 1975, and prior to August 30, 1977. *Harvey v. Denton,* 601 S.W.2d 121, 125 (Tex. Civ.App.—Eastland 1980, writ ref'd n.r.e.).

The parties have stipulated that Mrs. Delgado was unaware that surgical staples had been used in the 1975 operation until February 3, 1978. She filed this action on March 28, 1979, against Dr. Burns, who was insured under a liability policy during the period in issue.

Prior to trial, Dr. Burns filed a motion for summary judgment on the basis that Mrs. Delgado's cause of action was barred by limitations under article 5.82, section 4, of the Insurance Code. Tex.Ins.Code Ann. art. 5.82, § 4. Summary judgment was rendered sustaining the defendant's plea in bar.

Mrs. Delgado's first point of error is that the trial court erred in using December 8, 1975 (when she had her last post-operative check-up), rather than February 3, 1978 (when the first staple was removed), as the date when the two-year statute of limitations began to run. Dr. Burns, however, submits that Mrs. Delgado waived this ground for appeal by failing to raise the issue until her first motion for rehearing in the court of appeals.

We do not agree with Dr. Burns' contention. The issue on appeal from a summary judgment is whether the movant established as a matter of law his entitlement to summary judgment by conclusively proving that no genuine issue of material facts exists as to his cause of action or defense. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex. 1979); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970); Tex.R. Civ.P. 166–A. By moving for summary judgment on the basis of the running of limitations, Dr. Burns assumed the burden of showing as a matter of law that the suit was barred by limitations. *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975); *Oram v. General American Oil Company of Texas,* 513 S.W.2d 533, 534 (Tex.1974).

Mrs. Delgado's pleadings or the stipulated facts do not affirmatively show that the limitation period had expired. The stipulated facts indicate two possible dates from which the limitation period could commence: the date of the last post-operative check-up or the date when he removed the first staple. Dr. Burns did not offer any proof as to which date was the "last date of treatment." We hold that Dr. Burns did not establish as a matter of law that limitations barred Mrs. Delgado's suit.

Since Dr. Burns did not meet his burden, he was not entitled to summary judgment. It is therefore unnecessary for us to consider the constitutional questions surrounding article 5.82, section 4, raised by Mrs. Delgado in her remaining points.

The decision of the court of appeals conflicts with our cases, cited above, interpreting Rule 166–A. We therefore grant Mrs. Delgado's application for writ of error, and, without hearing oral argument, reverse the judgments of the courts below. The cause is remanded to the district court for trial on the merits. Tex.R.Civ.P. 483.