TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00158-CV






Elizabeth Vaio, Appellant



v.



EQR-Keystone Financing General Partnership, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 230,483, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING 







 This case concerns a landlord tenant dispute. Appellant Elizabeth Vaio brought suit against
appellee Keystone Apartments ("Keystone") alleging a claim for damages pursuant to Texas Property
Code Chapter 92, Subchapter D ("the lock laws" regarding residential leases). Keystone filed special
exceptions and moved for summary judgment. The trial court granted the motion and rendered summary
judgment in favor of Keystone. We will affirm the judgment of the trial court.


FACTUAL SUMMARY

 Vaio and Keystone entered into a residential lease agreement. During the period of the
lease, Vaio's apartment was burglarized and various items of personal property were stolen. An
investigation revealed that although the window security devices provided by Keystone were in the locked
position, the assailant had entered through a bedroom window by cutting the window screen with a sharp
instrument and prying the window open. 

 On May 2, 1996, Vaio brought suit against Keystone alleging that by failing to install
window latches Keystone had failed to provide safe housing. See Tex. Prop. Code Ann. § 92.164(a)(3)
(West 1995). Keystone responded that (1) the property had been equipped with standard window latches
before the burglary and (2) prior to taking possession of the apartment, Vaio had inspected the property
and that the window locks and latches worked properly. Keystone moved for summary judgment on the
ground that the statutory requirement to provide such latches had been satisfied. Initially the trial court
denied the motion on the ground that Vaio's assertions were vague enough to encompass additional claims
that had not been addressed. Keystone filed special exceptions to the original petition and on February
28, 1997, and Vaio amended her petition and alleged negligence per se against Keystone for failing to
provide window latches as prescribed by chapter 92, subchapter D of the Code. Following a hearing on
the motion, the trial court concluded that the only claim at issue was Keystone's statutory duty to provide
window latches and granted the motion for summary judgment. The trial court concluded that Vaio had
no claim under the Code and rendered summary judgment in favor of Keystone. It is from this judgment
that Vaio appeals. 


STANDARD OF REVIEW

 A summary judgment for the defendant, disposing of the entire case, is proper only if, as
a matter of law, plaintiff could not succeed on any theories pled. Delgado v. Burns, 656 S.W.2d 428, 429
(Tex. 1983). The standards for reviewing summary judgment are well established: (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If a defendant
conclusively negates one of the essential elements of the plaintiff's cause of action as a matter of law,
summary judgment is proper. Goldberg v. United States Shoe Corp., 775 S.W.2d 751, 752 (Tex.
App.--Houston [1st Dist.] 1989, writ denied). The purpose of summary judgment is not to deprive
litigants of their right to a full hearing on the merits of any real issue of fact. Gulbenkian v. Penn, 252
S.W.2d 929, 931 (Tex. 1952). When the trial court's summary-judgment order does not specify the
ground on which the summary judgment is granted, an appellate court will affirm the judgment if any ground
stated in the motion is meritorious. Carr v. Brasher, 776 S.W.2d 567, 568 (Tex. 1989).


DISCUSSION

 Vaio challenges the judgment of the trial court by asserting that the court erred in (1)
granting Keystone's special exceptions; and (2) granting summary judgment in favor of Keystone because
a genuine issue of material fact exists as to the adequacy of the security devices that were in place. For the
sake of convenience, we will first address Vaio's claim that the court erred in granting summary judgment. 

 Chapter 92, Subchapter D of the Texas Property Code sets forth a landlord's duty
regarding security devices. Section 92.153(a)(1) provides that without the necessity of a request by the
tenant, a dwelling must be equipped with a window latch on each exterior window of the dwelling. A
"window latch" is defined as a device on a window that prevents the window from being opened. Id. §
92.151(16). The device is operated without a key and only from the inside. Id. A review of the record
before us reveals that the summary judgment evidence established that Vaio's windows were equipped with
standard, operable window latches that could not be opened from the outside. Moreover, it is undisputed
that each window was locked at the time of the burglary. The arguments presented by Vaio essentially ask
this Court to consider whether Keystone violated its statutory duty by failing to insure that the window
could not be opened from the outside under any circumstances and by any person. However, the plain
meaning of the section 92.153 dictates that the legislative intent was to require landlords to provide window
latches that were determined to achieve an acceptable minimum level of safety to renters. We conclude
that Keystone has met its burden under the statute and that the trial court did not abuse its discretion in
granting Keystone's motion for summary judgment. Appellant's second point of error is overruled.

 We now return to Vaio's first point of error in which she asserts that the trial court erred
in sustaining Keystone's special exceptions and requiring her to present her claim under a common-law
theory. Keystone specially excepted to a portion of Vaio's original petition and asserted that her allegation
that "[Keystone] failed to provide the statutory minimum of safe housing" was too vague to provide fair
notice of the alleged Code violations. At a hearing on the motion for summary judgment, the trial court
considered the special exception and initially ordered that Vaio re-plead her petition to include the specific
basis for any breach of any other type of duty owed to her by Keystone. She was ordered to re-plead
within seven days. However, upon further consideration and argument of counsel, the court concluded that
it would be fruitless for Vaio to re-plead. The court then granted Keystone's motion for summary
judgment. Accordingly, because Vaio did not re-plead and the court did not strike any portion of her first
amended petition, she can not now assert harm from the court's initial inclination to order re-pleading. 
Appellant's first point of error is, therefore, overruled. 


CONCLUSION

 The judgment of the trial court is affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 4, 1997

Do Not Publish



) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If a defendant
conclusively negates one of the essential elements of the plaintiff's cause of action as a matter of law,
summary judgment is proper. Goldberg v. United States Shoe Corp., 775 S.W.2d 751, 752 (Tex.
App.--Houston [1st Dist.] 1989, writ denied). The purpose of summary judgment is not to depriv