TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00558-CV






Jonnie Peck, Appellant



v.



Lawrence Chang, M.D., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 96-11840-C, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 







 Appellant Jonnie Peck appeals from a take-nothing summary judgment in her
wrongful death suit against appellee Lawrence Chang, M.D. For the reasons stated below, we
will reverse and remand the summary judgment.

 Appellant filed suit against Dr. Chang and others to recover damages resulting from
alleged acts of negligence in the medical treatment of her son, John Robert Peck, while at
Brackenridge Hospital in Austin, Texas on October 1 and 2, 1994. Dr. Chang was a second-year
resident at Brackenridge on October 2, when he responded to a "code blue" (1) on Mr. Peck and
attempted resuscitation of the patient. Appellant alleged in the pleadings that Dr. Chang was
negligent in his treatment of Mr. Peck during the code blue by (1) failing to obtain a blood gas,
(2) negligently and inappropriately administering lidocaine and bretylium, and (3) failing to utilize
either an external or transvenous pacemaker.

 Dr. Chang filed a motion for summary judgment on the ground that any alleged
negligence on his part did not proximately cause damages to appellant because his only
involvement in Mr. Peck's treatment was his attempted resuscitation of Mr. Peck after Mr. Peck
was discovered without respiration or a pulse. He also filed a motion for severance. After
reviewing the summary-judgment motion and response filed by appellant, the trial court granted
summary judgment in favor of Dr. Chang and granted his motion for severance. 

 Summary judgment in favor of the defendant is proper only if, as a matter of law,
the plaintiff could not succeed on any of the theories pled. Delgado v. Burns, 656 S.W.2d 428,
429 (Tex. 1983). The movant must establish that there is no genuine issue of material fact and
that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In deciding whether
a material fact issue precludes summary judgment, the court will take as true any evidence
favoring the nonmovant and resolve any doubts and every reasonable inference in the nonmovant's
favor. Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985).

 Dr. Chang's summary-judgment proof includes Mr. Peck's hospital records and Dr.
Chang's sworn affidavit and supplemental affidavit attesting to the fact that when he initially
attempted resuscitation, Mr. Peck "was already in asystole with an occasional escape beat." He
further explains that "[t]his type of heart rhythm indicates that the patient's life sustaining
functions have ceased." Dr. Chang describes his actions in connection with his resuscitation
attempt of Mr. Peck and states that none of the negligent acts or omissions alleged in appellant's
petition were a proximate cause of the injuries or damages allegedly sustained by appellant. He
further concludes that Mr. Peck's pneumonia contributed to his death, stating that in his opinion
"when a patient arrests in a hospital setting on the floor and they have pneumonia, in reasonable
medical probability, there is a less than 50% chance that they can be successfully resuscitated."

 In response to Dr. Chang's motion for summary judgment, appellant controverted
with an affidavit by appellant's expert, Dr. Paul K. Bronston. While Dr. Bronston's affidavit
contains statements of legal conclusion, the affidavit does identify conflicts between Dr.Chang's
statements and the hospital records submitted as summary-judgment evidence in support of Dr.
Chang's motion. Specifically, Dr. Bronston points out that the progress notes and death summary
written by Dr. Juantia Bishop state that Mr. Peck was in asystole during the entire code blue. Dr.
Bronston asserts, however, that the cardiac arrest record indicates that Mr. Peck was in agonal
rhythm during at least part of the code blue. He further contends that Dr. Chang violated the
standard of medical care by improperly administering lidocaine and bretylium to Mr. Peck while
he was in agonal rhythm, failing to obtain a blood gas from Mr. Peck during the code blue, and
failing to attempt an external or transvenous pacemaker when Mr. Peck was in agonal rhythm.

 Appellant raises three points of error challenging the trial court's summary
judgment in favor of Dr. Chang: (1) that Dr. Chang's summary-judgment evidence did not
conclusively negate every element of appellant's cause of action; (2) that Dr. Chang's summary-judgment evidence amounted to conclusory statements not supported by sufficient evidence to
support summary judgment; and (3) that appellant's summary-judgment evidence effectively
controverted Dr. Chang's summary-judgment evidence. An interested party's affidavit may form
the basis for summary judgment if it is uncontroverted and "clear, positive and direct, otherwise
credible and free from contradiction and inconsistencies, and could have been readily
controverted." Tex. R. Civ. P. 166a(c). The interested party's testimony, like all expert
affidavits, must "identify the relevant standard of care, establish that the expert is familiar with
that standard, and demonstrate that the medical care provided complied with the standard of care." 
Silvas v. Ghiatas, 954 S.W.2d 50, 53 (Tex.App.--San Antonio 1997, pet. denied). If the movant's
summary judgment affidavit successfully disproves one or more of the essential elements of the
plaintiff's claim, the burden then shifts to the plaintiff to produce competent medical testimony that
raises a fact issue with regard to negligence. Silvas, 954 S.W.2d at 53. 

 Dr. Chang's affidavit fails to address several negligent acts and omissions alleged
against him in appellant's petition. Dr. Chang does not explain why he did not obtain a blood gas
from Mr. Peck during the code blue. Additionally, he does not allege that lidocaine and bretylium
were properly administered to Mr. Peck, nor does he allege that an external or intravenous
pacemaker was not appropriate. 

 Furthermore, we find that Dr. Chang's summary-judgment evidence is successfully
controverted by Dr. Bronston's affidavit, thereby raising a material issue of fact regarding Dr.
Chang's treatment of Mr. Peck during the code blue. Dr. Chang states in his affidavit that upon
initial examination Mr. Peck was in asystole. The cardiac arrest report indicates that Mr. Peck
was in asystole when the code blue began. The report further indicates, however, that
approximately ten minutes into the code blue, Mr. Peck was in an agonal rhythm. Other notations
in the cardiac arrest report show that Dr. Chang administered lidocaine and bretylium after the
agonal rhythm was noted. Yet, Dr. Bishop's notes and death summary state that Mr. Peck was
asystole during the entire code blue. These discrepancies between the hospital records and the
affidavits on file create a material fact dispute which cannot be resolved by summary judgment.
Points of error one and three are sustained. Because points of error one and three are dispositive,
we need not consider appellant's second point of error.

 Having concluded that Dr. Bronston's affidavit raises a material issue of fact, we
hold that summary judgment was not proper. Accordingly, we reverse the summary judgment in
favor of Dr. Chang and remand for further proceedings. (2)



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: September 11, 1998

Do Not Publish
1. A code blue is called by medical personnel when a patient is in respiratory or cardiac arrest.
2. In reaching this conclusion, we express no opinion on the merits of appellant's claims against
Dr. Chang.



statements and the hospital records submitted as summary-judgment evidence in support of Dr.
Chang's motion. Specifically, Dr. Bronston points out that the progress notes and death summary
written by Dr. Juantia Bishop stat