# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00629-CV

**Carol Keeton Strayhorn, Comptroller of Public Accounts of the State of Texas
and Greg Abbott, Attorney General of the State of Texas, Appellants**

**v.**

**Willow Creek Resources, Inc., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. GN303805, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

## O P I N I O N

In this case, we determine whether the informal review of a tax-refund claim provided by tax code section 111.1042 tolls the statute of limitations for filing that claim. *See* Tex. Tax Code Ann. § 111.1042 (West Supp. 2004-05). To do this, we must construe the term "administrative proceeding," as it was used in tax code section 111.207(d),[1] to ascertain whether the legislature intended to include the informal review of a tax-refund claim. Appellant, the Comptroller, contends

---

[1] At the time relevant to this opinion, tax code section 111.207(d) stated, "In determining the expiration date for filing a refund claim for a tax imposed by this title, the period during which an administrative proceeding is pending before the comptroller for the same period and type of tax is not considered; however, this provision does not authorize the filing of a refund claim for the same transaction or item, for the same type of tax, and for the same time period as a refund claim previously filed and granted or denied in whole or in part by the comptroller." *See* Act of April 29, 1983, 68th Leg., R.S., ch. 94, § 3, 1983 Tex. Gen. Laws 458, 459, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 1310, § 121(24), 2003 Tex. Gen. Laws 4748, 4794 (we will refer to this tax code section as former section 111.207(d)).

that the legislature intended the term "administrative proceeding" in former section 111.207(d) to refer to agency adjudications involving either a contested case or a hearing. Appellee Willow Creek argues that the term is used to describe the process by which an agency adjudicates disputes, regardless of whether a hearing is held. The district court granted Willow Creek's motion for summary judgment, holding that a review held pursuant to section 111.1042 constitutes an administrative proceeding for the purposes of tolling the statute of limitations for filing a refund claim. Because we hold that the term "administrative proceeding," as used in this statute of limitations, references all agency adjudications, we affirm.

## Background

Willow Creek is an oil and gas exploration and production company. On April 17, 2000, Willow Creek requested a tax refund of $464,507.62 for marketing cost credits for the period of January 1997 to December 1999.[2] Willow Creek's claim was reviewed and processed by the Comptroller. The Comptroller approved the claim in part and issued a refund for $362,818.46 on February 3, 2001. Willow Creek did not contest the reduction or request a full refund hearing.

On December 6, 2001, Willow Creek filed a second tax-refund claim in the amount of $3,770.93 for marketing cost credits for the period of October 1997 to December 1999. While the Comptroller was reviewing the claim, Willow Creek was informed that the five wells that form the basis of this suit were certified by the Railroad Commission as producers of "high-cost gas." *See*

---

[2] On July 12, 2000, Willow Creek transferred power of attorney to Trinity Petroleum Consultants, Ltd. (Trinity) and appointed Trinity as its attorney-in-fact. Trinity was authorized to seek a refund of gas production taxes paid by Willow Creek between January 1997 and March 2000. For the sake of clarity, we will refer to all refund claims as if they were made by Willow Creek. Additionally, we will refer to each claim according to the order in which they were filed.

2

Tex. Tax Code Ann. § 201.057(a)(2)(A) (West Supp. 2004-05). As a result of the certification, the Comptroller approved Willow Creek's request for a high-cost gas exemption at a reduced tax rate. On July 1, 2002, Willow Creek filed a third tax-refund claim seeking credit for the high-cost gas exemptions. The third claim sought $1,924,987.77 and covered the period from January 1997 to December 1999.[3]

The Comptroller reviewed the third claim and determined that the portion stemming from January 1997 to April 1998 was barred because the request was filed after the four-year statute of limitations had run. The Comptroller approved the remainder of the third claim and issued a refund to Willow Creek in the amount of $764,304.94. Willow Creek then requested a full refund hearing in order to contest the Comptroller's decision to deny part of its third refund claim. After the hearing, the Comptroller adopted the administrative law judge's conclusion that the disallowed portion of Willow Creek's third claim was not filed within the four-year statute of limitations period for claiming a tax refund. Willow Creek's motion for rehearing was denied by the Comptroller.

Willow Creek then filed a lawsuit in district court contending that the Comptroller erred by partially denying its third claim because the statute of limitations was tolled by the first and second claims. Willow Creek and the Comptroller filed motions for summary judgment. After a hearing on the motions, the district court held that the statute of limitations was tolled and ordered the Comptroller to issue an additional tax refund to Willow Creek in the amount of $748,858.25 plus interest for the credits incurred between July 1997 and April 1998. This appeal followed.

---

[3] Shortly after submitting its third claim, Willow Creek asked the Comptroller to disregard the second claim as the third claim included all monies sought by the second claim.

## STANDARD OF REVIEW

**Summary Judgment**

When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary-judgment evidence and determine all questions presented. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex. 1997); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). The reviewing court should render the judgment that the trial court should have rendered. *See FM Props.*, 22 S.W.3d at 872; *Agan*, 940 S.W.2d at 81; *Members Mut. Ins. Co. v. Hermann Hosp.*, 664 S.W.2d 325, 328 (Tex. 1984). When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious. *See FM Props.*, 22 S.W.3d at 872-73; *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

A party moving for summary judgment on the basis of limitations must conclusively establish the bar of limitations. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996); *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show its entitlement to summary judgment. *Jennings*, 917 S.W.2d at 793; *Zale*, 520 S.W.2d at 891; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1989).

4

**Statutory Construction**

In this case, we must construe the term "administrative proceeding," as it was used in former section 111.207(d), to determine whether it included the informal review of a tax refund request. Statutory construction is a question of law that we review *de novo*. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Our primary goal is to ascertain and effectuate the legislature's intent from the plain meaning of the actual language used. *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999). Additionally, the primary rule in statutory interpretation is that a court must give effect to the legislative intent, considering the language of the statute, its legislative history, the objective sought, and the consequences that would flow from alternative constructions. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 2000) (op. on reh'g).

An administrative agency's construction or interpretation of a statute, which the agency is charged with enforcing, is entitled to serious consideration by reviewing courts, so long as that construction is reasonable and does not contradict the plain language of the statute. *Employees Ret. Sys. v. Jones*, 58 S.W.3d 148, 151 (Tex. App.—Austin 2001, no pet.) (citing *Steering Comms. for the Cities Served by TXU Elec. & Cent. Power & Light Co. v. Public Util. Comm'n*, 42 S.W.3d 296, 300 (Tex. App.—Austin 2001, no pet.)). Nevertheless, we are not bound by an agency's interpretation of a statute that it administers or enforces. *See Rylander v. Fisher Controls Int'l, Inc.*, 45 S.W.3d 291, 299 (Tex. App.—Austin 2001, no pet.). When the interpretation does not involve technical or regulatory matters within the agency's expertise but requires the discernment

of legislative intent, we give much less deference to the agency's reading of a statute. *See Flores v. Employees Ret. Sys. of Tex.*, 74 S.W.3d 532, 545-46 (Tex. App.—Austin 2002, pet. denied).

## DISCUSSION

A tax-refund claim must be filed before the expiration of the applicable limitation period. Tex. Tax Code Ann. § 111.104(c)(3) (West Supp. 2004-05). The statute of limitations for tax refunds is four years from the date the tax becomes due and payable. *Id.* §§ 111.107, .201 (West 2001). The due date for monthly gas-production tax payments is the twentieth day of the second month following production. *Id.* § 201.201 (West 2002). Thus, on July 1, 2002, when Willow Creek filed its third claim, any refund of taxes paid prior to May 1998 was barred by the statute of limitations unless Willow Creek's filing deadline had been tolled.

Willow Creek claims that the Comptroller's informal review of its first claim constituted an administrative proceeding that tolled the statute of limitations.[4] The tolling provision in effect at the time stated, "In determining the expiration date for filing a refund claim for a tax imposed by this title, the period during which an *administrative proceeding* is pending before the comptroller for the same period and type of tax is not considered." *See supra* note 1 (emphasis added). Willow Creek and the Comptroller agree that if the statute of limitations was not tolled then a portion of Willow Creek's third claim is barred. Therefore, our decision in this case turns on

---

[4] The Comptroller's informal review of the first claim lasted approximately nine months. It is undisputed that if the statute of limitations was tolled during this time, Willow Creek was entitled to all refund credits asserted in its third claim.

whether the informal review of a tax-refund claim by the Comptroller constituted an administrative proceeding under the tolling provision.

The Comptroller argues that the informal review of a tax-refund request does not constitute an administrative proceeding. Therefore, the Comptroller contends that the informal disposition of Willow Creek's first claim did not toll the statute of limitations and that its denial of a portion of the third claim was proper. The Comptroller had the burden of conclusively negating the tolling provision provided by former section 111.207(d) in order to prevail on its cross-motion for summary judgment. *See Jennings*, 917 S.W.2d at 793; *Zale*, 520 S.W.2d at 891; *Woods*, 769 S.W.2d at 518.

**Tax Code Section 111.1042**

The Comptroller contends that tax code section 111.1042 was added by the legislature in 1993 to clarify that the informal review of a tax-refund claim is not an administrative proceeding. *See* Tex. Tax Code Ann. § 111.1042. The Comptroller asserts that section 111.1042(b) was a legislative response to our holding in *Sharp v. Amsco Steel Co.*, 893 S.W.2d 742 (Tex. App.—Austin 1995, writ denied), in which we held that the Comptroller's issuance of a refund check constituted a final decision in a contested case. In *Amsco Steel,* we did not address whether the informal review of a tax-refund claim is an administrative proceeding that tolled the statute of limitations. Rather, we assumed that the informal review of the refund claim was a contested case because the Comptroller had traditionally treated informal reviews as contested cases. The Comptroller now contends that because we assumed in *Amsco Steel* that the informal review of a tax refund was a contested case that tolled the statute of limitations under former section 111.207(d),

7

we implicitly held that an administrative proceeding was synonymous with a contested case or hearing. Thus, when the legislature explicitly stated in section 111.1042(b) that the informal review of a tax-refund claim is not a "hearing or contested case," its purpose was to clarify that an informal review was not an administrative proceeding for the purposes of tolling the statute of limitations. *See* Tex. Tax Code Ann. § 111.1042(b).

The informal review and disposition of tax-refund claims developed in the wake of this Court's *Sage Energy* decision. *Overhead Door Corp. v. Sharp*, 970 S.W.2d 74, 75 (Tex. App.—Austin 1998, no pet.) (discussing *Bullock v. Sage Energy Co.*, 728 S.W.2d 465 (Tex. App.—Austin 1987, writ ref'd n.r.e.)). The dispute in *Sage Energy* arose because the Comptroller had assessed different amounts of franchise tax against similarly situated corporations solely because those corporations used different accounting methods. *Id.* We determined that the Comptroller's different treatment of similarly situated corporations violated the equal-and-uniform-taxation provision of the Texas Constitution. *Id.* "After the *Sage* [*Energy*] decision, the Comptroller, faced with thousands of additional refund claims, instituted an abbreviated refund procedure by which refund checks were simply issued for claims that were undisputed and verified as to amount, while disputed claims were handled through the normal administrative process." *Amsco Steel*, 893 S.W.2d at 743.

It is clear that tax code section 111.1042 served the purpose of statutorily authorizing the informal review and disposition procedures instituted by the Comptroller after *Sage Energy*. There is no indication in the legislative history that would lead us to conclude that the purpose of enacting this section was to limit the scope of former section 111.207(d)'s tolling provision to

8

contested cases or hearings. Indeed, it is plausible that the purpose of the section was simply to distinguish the informal review of a tax-refund claim from the formal hearing provided by tax code section 111.105. *Compare* Tex. Tax Code Ann. § 111.1042 *with* § 111.105 (West Supp. 2004-05).

Furthermore, if the legislature intended section 111.1042(b) to limit the application of the tolling provision to the formal review of tax-refund claims, it could have easily said that the informal review of a tax-refund claim is not an administrative proceeding. *See City of San Antonio Public Serv. Bd. v. Public Util. Comm'n*, 96 S.W.3d 355, 359 (Tex. App.—Austin 2002, no pet.) (citing *State v. Mauritz-Wells Co.*, 175 S.W.2d 238, 241 (Tex. 1943)) ("the express mention or enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all others"). Instead, the legislature used the specific terms "hearing" and "contested case" in section 111.1042(b). This fact underscores Willow Creek's contention that 111.1042(b) was added to distinguish the informal review of refund claims from those disposed of through formal hearings.

More importantly, had the legislature intended that an informal review of a refund claim not toll the statute of limitations, it could have expressly said so. In the same Act, the legislature amended tax code section 111.108, authorizing the Comptroller to recover erroneously paid refunds, by adding subsection (b) that specifically states, "This section does not extend or toll a period of limitations under this title for filing a timely claim for refund." *See* Act of May 28th, 1993, 73d Leg., R.S., ch. 587, § 9, 1993 Tex. Gen. Laws 2223, 2224 (current version at Tex. Tax Code Ann. § 111.108(b) (West 2001)). This demonstrates that the legislature was aware of and considered the effect its actions would have on the statute of limitations for filing refund claims. The fact that the legislature did not include similar language in section 111.1042 is indirect evidence that

9

the legislature intended the informal review of tax-refund claims to be considered an administrative proceeding that tolled the statute of limitations for filing a refund claim.

The Comptroller insists that an informal review is not an administrative proceeding, relying on the 2003 amendment which clarified that only a redetermination or refund hearing serves to toll the statute of limitations for claiming a tax refund.[5]  We decline to rely on the 2003 amendment for two reasons.  First, the amending act stated, "The changes in law made by this Act to Chapter 111, Tax Code, apply only to a claim for a refund made on or after the effective date of this Act, without regard to whether the taxes that are the subject of the claim were due before, on, or after that date."  Tex. Tax Code Ann. § 111.207 historical note (West Supp. 2004-05) [Act of June 2, 2003, 78th Leg., R.S., ch. 1310, § 122(1), 2003 Tex. Gen. Laws 4748, 4795].  Willow Creek's third claim was made prior to the 2003 amendment.  Second, the intent or understanding of the 78th

---

[5]  Before amendment, tax code section 111.207(a) read:

In determining the expiration date for a period when a tax imposed by this title may be assessed or collected, the following periods are not considered:

(1)    the period following the date of a tax payment made under protest;

(2)    the period during which a judicial proceeding is pending in a court of competent jurisdiction to determine the amount of the tax due; and

(3)    the period during which an *administrative proceeding* is pending before the comptroller for a redetermination of the tax liability.

Act of May 29, 1981, 67th Leg., R.S., ch. 389, § 111.207, 1981 Tex. Gen. Laws 1490, 1510, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 1310, § 91, 2003 Tex. Gen. Laws 4748, 4784 (emphasis added) (current version at Tex. Tax Code Ann. § 111.207(a) (West Supp. 2004-05)) (we will refer to the section before amendment as "former section 111.207(a)(3)").  The amendment substituted "redetermination or refund hearing" for "administrative proceeding" in section 111.207(a)(3).

10

Legislature offers no insight into the intent of previous legislatures. *See Adams v. Baxter Healthcare Corp.*, 998 S.W.2d 349, 355 (Tex. App.—Austin 1999, no pet.) (citing *Rowan Oil Co. v. Texas Employment Comm'n*, 263 S.W.2d 140, 144 (Tex. 1953) ("One session of the legislature does not have the power to declare the intent of a past session.")).

We conclude that the Comptroller has not established that the legislative purpose for enacting section 111.1042 was to limit the scope of the term "administrative proceeding," thereby excluding the application of former section 111.207(d)'s tolling provision to the informal review of tax-refund claims.

**Administrative Proceedings**

Next, we must determine whether the informal review of a tax refund claim constitutes an administrative proceeding for the purposes of tolling the filing deadline for a tax-refund claim. The Comptroller contends that (1) an administrative proceeding is synonymous with an evidentiary or adjudicatory hearing before an agency, (2) construing the term "administrative proceeding" to include the informal review of tax refund claims creates conflict with other statutes, and (3) we should adopt the Comptroller's construction that an informal review of a tax-refund claim is not an administrative proceeding.

*Scope of Administrative Proceedings*

The supreme court has described other informal proceedings similar to those at issue here as administrative proceedings. In *Texas Department of Transportation v. Jones Brothers Dirt & Paving Contractors, Inc.*, 92 S.W.3d 477 (Tex. 2002), the supreme court analyzed transportation

11

code section 201.112. *See* Tex. Transp. Code Ann. § 201.112 (West Supp. 2004-05) (outlining procedure for resolution of contract claims by Transportation Commission). Under that section, the Transportation Commission is authorized to develop informal procedures for the resolution of contract claims. *Id*. § 201.112(a). If a person is dissatisfied with the informal resolution of the claim, the person may request a formal administrative hearing to resolve the claim. *Id*. § 201.112(b). The supreme court characterized the informal review and denial of Jones's contract claims as an administrative proceeding. *Jones*, 92 S.W.3d at 479-80. We find the informal and formal dispute resolution procedures provided by transportation code section 201.112 to be parallel to the informal disposition of tax-refund claims.

The Comptroller does not dispute that a contested-case hearing is an administrative proceeding. A contested case is a proceeding in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing. Tex. Gov't Code Ann. § 2001.003(1) (West 2000). As we discussed earlier, the informal review process for tax-refund claims was designed in part to quickly dispose of the requesting party's legal right to a refund. *See Amsco Steel*, 893 S.W.2d at 743. Accordingly, by informally reviewing and disposing of a refund claim, the Comptroller adjudicates the requesting party's dispute. The only difference between the informal disposition process and a contested case is that a contested case generally involves a hearing. However, a contested case may also be disposed of without a hearing. Tex. Gov't Code Ann. § 2001.056 (West 2000) (providing that contested cases may be informally disposed by stipulation, agreed settlement, consent orders, or default). Thus, we hold that there is no significant difference between a refund claim that is informally disposed of under section

12

111.1042 and the informal disposition of a formal refund request that was initially treated as a contested case.

At oral argument and in her brief the Comptroller argued that by analyzing the definition of the term "administrative proceeding" in conjunction with an Alaska Supreme Court decision, in which that court outlined the three essential attributes of an administrative proceeding, it would become clear that the type of informal review involved in this case is not an administrative proceeding. *See Hickel v. Halford*, 872 P.2d 171, 178 (Alaska 1994). Black's Law Dictionary defines "administrative proceeding" as "[a] hearing, inquiry, investigation, or trial before an administrative agency, usually adjudicatory in nature but sometimes quasi-legislative." *Black's Law Dictionary* 46 (7th ed. 1999). In *Hickel,* the Alaska Supreme Court asserted that the three essential attributes of an administrative proceeding are that:

1)   A dispute must exist;

2)   a document reflecting the fact of the dispute which serves a function similar to that of a complaint in a civil action, or an accusation or statement of issues must be served by one party on the other party; and

3)   the document must set in motion mechanisms prescribed by statute or regulation under which the dispute will ultimately be resolved.

*Id.* at 176. Although the *Hickel* court's analysis of what constitutes an administrative proceeding is not binding on Texas courts, we conclude that the informal review of Willow Creek's first tax-refund claim possessed all three essential attributes. Thus, the test presented by the Comptroller only serves to provide additional evidence that the informal review of a tax-refund claim is an administrative proceeding. To illustrate this point we will now apply *Hickel* to the facts of this case.

13

We first consider whether a dispute existed at the time Willow Creek filed its first claim. Dispute is defined as a "conflict or controversy." *Black's Law Dictionary* 485. The Comptroller suggests that there was no dispute because it ultimately agreed that Willow Creek was entitled to a partial refund. The *Hickel* court explained otherwise:

> A dispute may exist for our purposes even where the non-initiating party immediately agrees with initiating party's assertions and where the non-initiating party would have been disposed to agree prior to initiation of the proceeding. It is the placing of an issue in controversy, under circumstances that require a response and eventual resolution of the issue, and not the exact means by which a resolution is reached, that indicates the presence of a dispute.

*Hickel*, 872 P.2d at 179 n.15. Here, Willow Creek requested an informal review of its tax refund claim. The Comptroller was free to "grant or deny it, in whole or in part." Tex. Tax Code Ann. § 111.1042(a). Willow Creek placed in controversy the issue of whether it had a legal right to a refund. Thus, the first attribute of an administrative proceeding was present when Willow Creek filed its first claim.

We next determine whether the letter in which Willow Creek claimed its first tax refund served as a document reflecting the facts of the dispute, similar to the function of a complaint in a civil action. *See Hickel*, 872 P.2d at 176. The *Hickel* court required such a document if an administrative proceeding is to be accorded finality consistent with the requirements of due process.[6]

---

[6] Texas courts have similarly held that administrative proceedings must meet minimum due process requirements. *See City of Corpus Christi v. Public Util. Comm'n*, 51 S.W.3d 231, 262 (Tex. 2001). Because there is no dispute as to whether the informal review of any of Willow Creek's requests for refunds met minimum due process requirements, we will assume that they did.

14

*Id*. at 180. The court held that the initiating document must begin an adjudication in which the non-initiating party has a legal duty to respond. *Id.* at 181.

Tax code section 111.104 states that a refund request must be written, state the ground on which the claim is founded, and be filed before the expiration of the applicable limitations period. Tex. Tax Code Ann. § 111.104(c)(1)-(3). Additionally, the Comptroller must, within one year of receiving a complete detailed report upon which she may issue a credit or refund, issue or deny the refund claim. 34 Tex. Admin. Code § 3.19(d). There is no dispute that Willow Creek's letter met the statutory requirements for a refund claim and that the Comptroller possessed all of the necessary documentation to verify the claim. Therefore, Willow Creek's letter was a document served on the Comptroller that (1) set forth the facts of the dispute, much like a civil complaint; and (2) initiated an adjudication in which the Comptroller had a legal duty to respond. The second *Hickel* attribute is present in this case.

The final attribute of an administrative proceeding under the *Hickel* test is whether the document served on the Comptroller set in motion mechanisms under which the dispute would ultimately be resolved. *Hickel*, 872 P.2d at 176. When the Comptroller is served with a document in which a tax refund is claimed in such a manner as to require the Comptroller to respond by either issuing or denying the claim, then the document initiates the proceedings through which the dispute will finally be resolved. It is irrelevant whether the ultimate resolution is the product of informal or formal procedures. *Hickel* only requires that the document initiate a process through which the dispute will be resolved. Therefore, as long as a refund claim meets the requirements of tax code section 111.104(c)(1)-(3) and provides the Comptroller with the documentation necessary to verify

15

the claim, then it has set in motion the mechanisms for resolving the dispute. Because there is no dispute that Willow Creek's letter met these conditions, *Hickel's* final attribute is present.

Therefore, the analytical framework suggested by the Comptroller further demonstrates that the informal review of Willow Creek's first refund claim constituted an administrative proceeding.

We hold that because the informal disposition of a tax-refund claim under section 111.1042 adjudicates the requesting party's legal rights and satisfies each prong of the *Hickel* test, it is an administrative proceeding.

### *Conflicting statutory constructions*

The Comptroller avers that construing the term "administrative proceeding" to include the informal review and disposition of refund claims creates a conflict with other statutes. In support of this argument, the Comptroller cites a number of statutes in which the term "administrative proceeding" is used in reference to an adjudicatory hearing. Even if these statutes exclusively reference adjudicatory hearings, they do not prove that an administrative proceeding must include an adjudicatory hearing. The most likely form of an administrative proceeding is an adjudicatory hearing, but that is not the exclusive definition of an administrative proceeding.

The Comptroller claims that a broad construction of the term "administrative proceeding" renders tax code section 111.203 and former section 111.207(a)(3) meaningless. Tax code section 111.203 concerns agreements between the Comptroller and a taxpayer to extend the limitations period for assessments and refund claims. Specifically, section 111.203(d)(2) states that the limitation period may be extended if the taxpayer or Comptroller requires more time to complete

16

an audit. The Comptroller argues that if any investigation of a taxpayer's records is an administrative proceeding that tolls the statute of limitations, then there is no need to enter into an agreement extending the limitations period. By holding that the informal review of a refund claim under section 111.1042 is an administrative proceeding, we are not saying that every investigation or audit of a taxpayer's records is also an administrative proceeding. We are only saying that a refund claim that meets the statutory requirements laid out in section 111.104(c) and is adjudicated pursuant to section 111.1042 constitutes an administrative proceeding for the purpose of tolling the statute of limitations under former section 111.207(d). Therefore, construing the term "administrative proceeding" to include the informal review of a refund claim does not render section 111.203 meaningless because such a construction is limited to a proceeding initiated by filing a refund claim in accord with tax code section 111.104(c).

Former section 111.207(a)(3) stated that the period during which an administrative proceeding is pending before the Comptroller for a redetermination of the tax liability is not considered when determining the expiration date for the period during which a tax may be collected or assessed. *See supra* note 5. The Comptroller asserts that the legislature's purpose for enacting this provision was to toll the statute of limitations pending the outcome of a redetermination hearing performed pursuant to tax code section 111.009. *See* Tex. Tax Code Ann. § 111.009. The Comptroller posits that if the term "administrative proceeding" is not limited to hearings then former tax code sections 111.207(a)(3) and 111.207(d) are redundant. We disagree.

Initially, we note that the two former statutes address two distinct situations during which the statute of limitations would be tolled. Former section 111.207(a)(3) addressed situations

17

during which the statute of limitations for *assessing or collecting* a tax would be tolled, *see supra* note 5, whereas, former section 111.207(d) described situations during which the statute of limitations for *filing a refund claim* would be tolled.

Furthermore, we cannot conclude that the use of the term "administrative proceeding" in the former section 111.207(d) is an exclusive reference to an administrative hearing. Tax code section 111.009(c) states, "If the petition [for redetermination] requests a hearing on the redetermination, the person filing the petition is entitled to a hearing." This section suggests that a hearing will be held only if the petitioning party requests one. The fact that a redetermination can be decided without a hearing is evidence that while a hearing may be a component of an administrative proceeding, it is not always necessary. Therefore, we cannot conclude that construing the term "administrative proceeding" to include the informal review of tax refund claims renders former sections 111.207(a)(3) and 111.207(d) redundant. In fact, both sections appear to complement each other's use of the term "administrative proceeding" because they each employ the term to refer to the Comptroller's adjudication of a taxpayer's legal rights or duties whether or not a hearing is held.

Contrary to the Comptroller's position, construing the term "administrative proceeding" to preclude the informal review of a tax-refund claim would potentially render section 111.1042 meaningless by undermining its efficacy as a taxpayer remedy. Because the possibility exists that the Comptroller may deny a refund claim after an informal review, it makes little sense to risk that possibility if the limitations period for filing a refund claim is continuing to run. In this case, the Comptroller took approximately nine months to review and partially grant Willow Creek's

18

first claim. Had the Comptroller denied Willow Creek's claim, Willow Creek could then have requested a formal hearing. However, this option may not have been available if the statute of limitations was running while the Comptroller was reviewing the claim. No person would ever choose to take the risk that the statute of limitations would run while their refund claim was being informally reviewed by the Comptroller. Therefore, section 111.1042 is meaningless unless the term "administrative proceeding" is construed to include this type of informal review and disposition. *See Southwestern Life Ins. Co. v. Montemayor*, 24 S.W.3d 581, 584-85 (Tex. App.—Austin 2000, pet. denied) (asserting that courts should avoid statutory interpretations that render legislature's words meaningless).

The Comptroller further contends that unless we accept her definition of the term "administrative proceeding," any construction that includes an informal review only serves to invite further litigation to determine the line between agency actions that toll the statute of limitations and those that do not. However, the type of litigation predicted by the Comptroller is unlikely to occur. First, a construction of the term "administrative proceeding" that includes the informal review of tax-refund claims under section 111.1042 is actually quite narrow. It only includes a refund claim that meets the statutory prerequisites set forth in tax code section 111.104 that is either informally reviewed and disposed of or disposed of through the formal hearing procedures outlined in tax code section 111.105. No other agency actions would constitute an administrative proceeding under former section 111.207(d). Second, because the legislature repealed former section 111.207(d) and amended former section 111.207(a) to include the phrase "administrative redetermination or refund

19

hearing" in place of administrative proceeding, it is unlikely that there will be future litigation concerning the scope of the term administrative proceeding in this context.

*Comptroller's construction*

When the legislature passed section 111.1042(b) stating that the informal review of a tax-refund claim is neither a contested case nor a hearing, the Comptroller interpreted this to mean that an informal review was also not an administrative proceeding. The Comptroller contends that we should defer to its construction limiting the scope of the term "administrative proceeding," as it was used in former section 111.207(d), to contested cases and hearings. The Comptroller posits that section 111.1042 was enacted to limit the scope of former section 111.207(d)'s tolling provision to contested cases and hearings. Prior to the enactment of section 111.1042 the Comptroller treated all tax refund claims as contested cases. Thus, because the Comptroller considered a contested case to be an administrative proceeding for the purpose of tolling the statute of limitations under former section 111.207(d), it concluded that any review of a tax-refund claim constituted an administrative proceeding.

Ascertaining and discerning the legislature's intent in enacting section 111.1042 is not a task within the Comptroller's administrative expertise. *See Flores*, 74 S.W.3d at 546. Therefore, the level of deference we owe to the Comptroller's interpretation is lessened. *Id.*; *see also Rylander*, 45 S.W.3d at 299. As we discussed previously, the Comptroller has not provided us with evidence establishing that the legislative purpose for enacting section 111.1042 was to limit the

20

application of former section 111.207(d)'s tolling provision to contested cases or hearings.[7] Therefore, we decline to adopt the Comptroller's construction.

We conclude that the term "administrative proceeding" can be used to describe the informal adjudication of a tax-refund dispute, whether or not a hearing is held. We hold that the informal review established by section 111.1042 is an administrative proceeding for the purposes of tolling the statute of limitations under former section 111.207(d). Construing the term "administrative proceeding" to include such informal review of a tax-refund claim does not create conflicts with other statutes. We overrule the Comptroller's second issue.[8]

**Conclusion**

The Comptroller's arguments do not conclusively negate the application of former section 111.207(d)'s tolling provision to Willow Creek's third claim. We hold that the legislature did not intend for section 111.1042 to statutorily limit the scope of the term "administrative

---

[7] Earlier, we discussed how it was plausible that the purpose of section 111.1042(b)'s statement that the informal review of a tax-refund claim was neither a contested case nor a hearing was to distinguish section 111.1042's informal disposition procedures from tax code section 111.105's formal disposition procedures.

[8] The Comptroller argues in the alternative that if the administrative proceeding is held to include the informal review of tax refund claims, then former tax code section 111.207(b) limits Willow Creek's refund request to the amount of taxes in issue in its prior refund requests. Act of May 29, 1981, 67th Leg., R.S., ch. 389, § 111.207, 1981 Tex. Gen. Laws 1490, 1510, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 1310, § 91, 2003 Tex. Gen. Laws 4748, 4784. Former tax code section 111.207(b) stated that, "The suspension of a period of limitation under Subsection (a) of this section applies only to the amount of taxes in issue under Subdivision (1), (2), or (3) of that subsection." *Id.* We disagree with the Comptroller's contention because former tax code section 111.207(b) is limited by its terms to the tolling provisions set forth in former section 111.207(a). Willow Creek's refund claim is based on our interpretation of former section 111.207(d). We therefore overrule the Comptroller's alternative argument.

21

proceeding," as it is used in former section 111.207(d), to contested cases and hearings. Because the informal review and disposition of a tax-refund claim is an administrative proceeding that adjudicates a dispute with finality, we affirm the district court's summary judgment.

 

 

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: March 24, 2005