TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00629-CV




Carol Keeton Strayhorn, Comptroller of Public Accounts of the State of Texas
and Greg Abbott, Attorney General of the State of Texas, Appellants

v.

Willow Creek Resources, Inc., Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. GN303805, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING


 
O P I N I O N


                        In this case, we determine whether the informal review of a tax-refund claim provided
by tax code section 111.1042 tolls the statute of limitations for filing that claim. See Tex. Tax Code
Ann. § 111.1042 (West Supp. 2004-05). To do this, we must construe the term “administrative
proceeding,” as it was used in tax code section 111.207(d),


 to ascertain whether the legislature
intended to include the informal review of a tax-refund claim. Appellant, the Comptroller, contends
that the legislature intended the term “administrative proceeding” in former section 111.207(d) to
refer to agency adjudications involving either a contested case or a hearing. Appellee Willow Creek
argues that the term is used to describe the process by which an agency adjudicates disputes,
regardless of whether a hearing is held. The district court granted Willow Creek’s motion for
summary judgment, holding that a review held pursuant to section 111.1042 constitutes an
administrative proceeding for the purposes of tolling the statute of limitations for filing a refund
claim. Because we hold that the term “administrative proceeding,” as used in this statute of
limitations, references all agency adjudications, we affirm. 

Background
                        Willow Creek is an oil and gas exploration and production company. On April 17,
2000, Willow Creek requested a tax refund of $464,507.62 for marketing cost credits for the period
of January 1997 to December 1999.


 Willow Creek’s claim was reviewed and processed by the
Comptroller. The Comptroller approved the claim in part and issued a refund for $362,818.46 on
February 3, 2001. Willow Creek did not contest the reduction or request a full refund hearing.
                        On December 6, 2001, Willow Creek filed a second tax-refund claim in the amount
of $3,770.93 for marketing cost credits for the period of October 1997 to December 1999. While
the Comptroller was reviewing the claim, Willow Creek was informed that the five wells that form
the basis of this suit were certified by the Railroad Commission as producers of “high-cost gas.” See
Tex. Tax Code Ann. § 201.057(a)(2)(A) (West Supp. 2004-05). As a result of the certification, the
Comptroller approved Willow Creek’s request for a high-cost gas exemption at a reduced tax rate. 
On July 1, 2002, Willow Creek filed a third tax-refund claim seeking credit for the high-cost gas
exemptions. The third claim sought $1,924,987.77 and covered the period from January 1997 to
December 1999.



                        The Comptroller reviewed the third claim and determined that the portion stemming
from January 1997 to April 1998 was barred because the request was filed after the four-year statute
of limitations had run. The Comptroller approved the remainder of the third claim and issued a
refund to Willow Creek in the amount of $764,304.94. Willow Creek then requested a full refund
hearing in order to contest the Comptroller’s decision to deny part of its third refund claim. After
the hearing, the Comptroller adopted the administrative law judge’s conclusion that the disallowed
portion of Willow Creek’s third claim was not filed within the four-year statute of limitations period
for claiming a tax refund. Willow Creek’s motion for rehearing was denied by the Comptroller.
                        Willow Creek then filed a lawsuit in district court contending that the Comptroller
erred by partially denying its third claim because the statute of limitations was tolled by the first and
second claims. Willow Creek and the Comptroller filed motions for summary judgment. After a
hearing on the motions, the district court held that the statute of limitations was tolled and ordered
the Comptroller to issue an additional tax refund to Willow Creek in the amount of $748,858.25 plus
interest for the credits incurred between July 1997 and April 1998. This appeal followed.

STANDARD OF REVIEW
Summary Judgment
                        When both sides move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review both sides’ summary-judgment evidence and
determine all questions presented. See FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000); Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997); Jones v. Strauss,
745 S.W.2d 898, 900 (Tex. 1988). The reviewing court should render the judgment that the trial
court should have rendered. See FM Props., 22 S.W.3d at 872; Agan, 940 S.W.2d at 81; Members
Mut. Ins. Co. v. Hermann Hosp., 664 S.W.2d 325, 328 (Tex. 1984). When a trial court’s order
granting summary judgment does not specify the grounds relied upon, the reviewing court must
affirm summary judgment if any of the summary judgment grounds are meritorious. See FM Props.,
22 S.W.3d at 872-73; Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). 
                        A party moving for summary judgment on the basis of limitations must conclusively
establish the bar of limitations. Jennings v. Burgess, 917 S.W.2d 790, 793 (Tex. 1996); Delgado
v. Burns, 656 S.W.2d 428, 429 (Tex. 1983); Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex.
1975). If the nonmovant asserts that a tolling provision applies, the movant must conclusively
negate the tolling provision’s application to show its entitlement to summary judgment. Jennings,
917 S.W.2d at 793; Zale, 520 S.W.2d at 891; Woods v. William M. Mercer, Inc., 769 S.W.2d 515,
518 (Tex. 1989).

Statutory Construction
                        In this case, we must construe the term “administrative proceeding,” as it was used
in former section 111.207(d), to determine whether it included the informal review of a tax refund
request. Statutory construction is a question of law that we review de novo. Texas Dep’t of Transp.
v. Needham, 82 S.W.3d 314, 318 (Tex. 2002). Our primary goal is to ascertain and effectuate the
legislature’s intent from the plain meaning of the actual language used. Lenz v. Lenz, 79 S.W.3d 10,
19 (Tex. 2002); Albertson’s, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex. 1999). Additionally, the
primary rule in statutory interpretation is that a court must give effect to the legislative intent,
considering the language of the statute, its legislative history, the objective sought, and the
consequences that would flow from alternative constructions. Crown Life Ins. Co. v. Casteel, 22
S.W.3d 378, 383 (Tex. 2000) (op. on reh’g).
                        An administrative agency’s construction or interpretation of a statute, which the
agency is charged with enforcing, is entitled to serious consideration by reviewing courts, so long
as that construction is reasonable and does not contradict the plain language of the statute. 
Employees Ret. Sys. v. Jones, 58 S.W.3d 148, 151 (Tex. App.—Austin 2001, no pet.) (citing Steering
Comms. for the Cities Served by TXU Elec. & Cent. Power & Light Co. v. Public Util. Comm’n, 42
S.W.3d 296, 300 (Tex. App.—Austin 2001, no pet.)). Nevertheless, we are not bound by an
agency’s interpretation of a statute that it administers or enforces. See Rylander v. Fisher Controls
Int’l, Inc., 45 S.W.3d 291, 299 (Tex. App.—Austin 2001, no pet.). When the interpretation does not
involve technical or regulatory matters within the agency’s expertise but requires the discernment
of legislative intent, we give much less deference to the agency’s reading of a statute. See Flores
v. Employees Ret. Sys. of Tex., 74 S.W.3d 532, 545-46 (Tex. App.—Austin 2002, pet. denied).

DISCUSSION
                        A tax-refund claim must be filed before the expiration of the applicable limitation
period. Tex. Tax Code Ann. § 111.104(c)(3) (West Supp. 2004-05). The statute of limitations for
tax refunds is four years from the date the tax becomes due and payable. Id. §§ 111.107, .201 (West
2001). The due date for monthly gas-production tax payments is the twentieth day of the second
month following production. Id. § 201.201 (West 2002). Thus, on July 1, 2002, when Willow Creek
filed its third claim, any refund of taxes paid prior to May 1998 was barred by the statute of
limitations unless Willow Creek’s filing deadline had been tolled.
                        Willow Creek claims that the Comptroller’s informal review of its first claim
constituted an administrative proceeding that tolled the statute of limitations.


 The tolling provision
in effect at the time stated, “In determining the expiration date for filing a refund claim for a tax
imposed by this title, the period during which an administrative proceeding is pending before the
comptroller for the same period and type of tax is not considered.” See supra note 1 (emphasis
added). Willow Creek and the Comptroller agree that if the statute of limitations was not tolled then
a portion of Willow Creek’s third claim is barred. Therefore, our decision in this case turns on
whether the informal review of a tax-refund claim by the Comptroller constituted an administrative
proceeding under the tolling provision.
                        The Comptroller argues that the informal review of a tax-refund request does not
constitute an administrative proceeding. Therefore, the Comptroller contends that the informal
disposition of Willow Creek’s first claim did not toll the statute of limitations and that its denial of
a portion of the third claim was proper. The Comptroller had the burden of conclusively negating
the tolling provision provided by former section 111.207(d) in order to prevail on its cross-motion
for summary judgment. See Jennings, 917 S.W.2d at 793; Zale, 520 S.W.2d at 891; Woods, 769
S.W.2d at 518. 

Tax Code Section 111.1042
                        The Comptroller contends that tax code section 111.1042 was added by the legislature
in 1993 to clarify that the informal review of a tax-refund claim is not an administrative proceeding. 
See Tex. Tax Code Ann. § 111.1042. The Comptroller asserts that section 111.1042(b) was a
legislative response to our holding in Sharp v. Amsco Steel Co., 893 S.W.2d 742 (Tex. 
App.—Austin 1995, writ denied), in which we held that the Comptroller’s issuance of a refund check
constituted a final decision in a contested case. In Amsco Steel, we did not address whether the
informal review of a tax-refund claim is an administrative proceeding that tolled the statute of
limitations. Rather, we assumed that the informal review of the refund claim was a contested case
because the Comptroller had traditionally treated informal reviews as contested cases. The
Comptroller now contends that because we assumed in Amsco Steel that the informal review of a tax
refund was a contested case that tolled the statute of limitations under former section 111.207(d),
we implicitly held that an administrative proceeding was synonymous with a contested case or
hearing. Thus, when the legislature explicitly stated in section 111.1042(b) that the informal review
of a tax-refund claim is not a “hearing or contested case,” its purpose was to clarify that an informal
review was not an administrative proceeding for the purposes of tolling the statute of limitations. 
See Tex. Tax Code Ann. § 111.1042(b).
                        The informal review and disposition of tax-refund claims developed in the wake of
this Court’s Sage Energy decision. Overhead Door Corp. v. Sharp, 970 S.W.2d 74, 75 (Tex. 
App.—Austin 1998, no pet.) (discussing Bullock v. Sage Energy Co., 728 S.W.2d 465 (Tex. 
App.—Austin 1987, writ ref’d n.r.e.)). The dispute in Sage Energy arose because the Comptroller
had assessed different amounts of franchise tax against similarly situated corporations solely because
those corporations used different accounting methods. Id. We determined that the Comptroller’s
different treatment of similarly situated corporations violated the equal-and-uniform-taxation
provision of the Texas Constitution. Id. “After the Sage [Energy] decision, the Comptroller, faced
with thousands of additional refund claims, instituted an abbreviated refund procedure by which
refund checks were simply issued for claims that were undisputed and verified as to amount, while
disputed claims were handled through the normal administrative process.” Amsco Steel, 893 S.W.2d
at 743. 
                        It is clear that tax code section 111.1042 served the purpose of statutorily authorizing
the informal review and disposition procedures instituted by the Comptroller after Sage Energy. 
There is no indication in the legislative history that would lead us to conclude that the purpose of
enacting this section was to limit the scope of former section 111.207(d)’s tolling provision to
contested cases or hearings. Indeed, it is plausible that the purpose of the section was simply to
distinguish the informal review of a tax-refund claim from the formal hearing provided by tax code
section 111.105. Compare Tex. Tax Code Ann. § 111.1042 with § 111.105 (West Supp. 2004-05). 
                        Furthermore, if the legislature intended section 111.1042(b) to limit the application
of the tolling provision to the formal review of tax-refund claims, it could have easily said that the
informal review of a tax-refund claim is not an administrative proceeding. See City of San Antonio
Public Serv. Bd. v. Public Util. Comm’n, 96 S.W.3d 355, 359 (Tex. App.—Austin 2002, no pet.)
(citing State v. Mauritz-Wells Co., 175 S.W.2d 238, 241 (Tex. 1943)) (“the express mention or
enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all
others”). Instead, the legislature used the specific terms “hearing” and “contested case” in section
111.1042(b). This fact underscores Willow Creek’s contention that 111.1042(b) was added to
distinguish the informal review of refund claims from those disposed of through formal hearings.
                        More importantly, had the legislature intended that an informal review of a refund
claim not toll the statute of limitations, it could have expressly said so. In the same Act, the
legislature amended tax code section 111.108, authorizing the Comptroller to recover erroneously
paid refunds, by adding subsection (b) that specifically states, “This section does not extend or toll
a period of limitations under this title for filing a timely claim for refund.” See Act of May 28th,
1993, 73d Leg., R.S., ch. 587, § 9, 1993 Tex. Gen. Laws 2223, 2224 (current version at Tex. Tax
Code Ann. § 111.108(b) (West 2001)). This demonstrates that the legislature was aware of and
considered the effect its actions would have on the statute of limitations for filing refund claims. The
fact that the legislature did not include similar language in section 111.1042 is indirect evidence that
the legislature intended the informal review of tax-refund claims to be considered an administrative
proceeding that tolled the statute of limitations for filing a refund claim.
                        The Comptroller insists that an informal review is not an administrative proceeding,
relying on the 2003 amendment which clarified that only a redetermination or refund hearing serves
to toll the statute of limitations for claiming a tax refund.


 We decline to rely on the 2003
amendment for two reasons. First, the amending act stated, “The changes in law made by this Act
to Chapter 111, Tax Code, apply only to a claim for a refund made on or after the effective date of
this Act, without regard to whether the taxes that are the subject of the claim were due before, on,
or after that date.” Tex. Tax Code Ann. § 111.207 historical note (West Supp. 2004-05) [Act of June
2, 2003, 78th Leg., R.S., ch. 1310, § 122(1), 2003 Tex. Gen. Laws 4748, 4795]. Willow Creek’s
third claim was made prior to the 2003 amendment. Second, the intent or understanding of the 78th
Legislature offers no insight into the intent of previous legislatures. See Adams v. Baxter Healthcare
Corp., 998 S.W.2d 349, 355 (Tex. App.—Austin 1999, no pet.) (citing Rowan Oil Co. v. Texas
Employment Comm’n, 263 S.W.2d 140, 144 (Tex. 1953) (“One session of the legislature does not
have the power to declare the intent of a past session.”)).
                        We conclude that the Comptroller has not established that the legislative purpose for
enacting section 111.1042 was to limit the scope of the term “administrative proceeding,” thereby
excluding the application of former section 111.207(d)’s tolling provision to the informal review of
tax-refund claims. 

Administrative Proceedings
                        Next, we must determine whether the informal review of a tax refund claim
constitutes an administrative proceeding for the purposes of tolling the filing deadline for a tax-refund claim. The Comptroller contends that (1) an administrative proceeding is synonymous with
an evidentiary or adjudicatory hearing before an agency, (2) construing the term “administrative
proceeding” to include the informal review of tax refund claims creates conflict with other statutes,
and (3) we should adopt the Comptroller’s construction that an informal review of a tax-refund claim
is not an administrative proceeding.

Scope of Administrative Proceedings
                        The supreme court has described other informal proceedings similar to those at issue
here as administrative proceedings. In Texas Department of Transportation v. Jones Brothers Dirt
& Paving Contractors, Inc., 92 S.W.3d 477 (Tex. 2002), the supreme court analyzed transportation
code section 201.112. See Tex. Transp. Code Ann. § 201.112 (West Supp. 2004-05) (outlining
procedure for resolution of contract claims by Transportation Commission). Under that section, the
Transportation Commission is authorized to develop informal procedures for the resolution of
contract claims. Id. § 201.112(a). If a person is dissatisfied with the informal resolution of the
claim, the person may request a formal administrative hearing to resolve the claim. Id. § 201.112(b). 
The supreme court characterized the informal review and denial of Jones’s contract claims as an
administrative proceeding. Jones, 92 S.W.3d at 479-80. We find the informal and formal dispute
resolution procedures provided by transportation code section 201.112 to be parallel to the informal
disposition of tax-refund claims.
                        The Comptroller does not dispute that a contested-case hearing is an administrative
proceeding. A contested case is a proceeding in which the legal rights, duties, or privileges of a party
are to be determined by a state agency after an opportunity for adjudicative hearing. Tex. Gov’t
Code Ann. § 2001.003(1) (West 2000). As we discussed earlier, the informal review process for tax-
refund claims was designed in part to quickly dispose of the requesting party’s legal right to a refund. 
See Amsco Steel, 893 S.W.2d at 743. Accordingly, by informally reviewing and disposing of a
refund claim, the Comptroller adjudicates the requesting party’s dispute. The only difference
between the informal disposition process and a contested case is that a contested case generally
involves a hearing. However, a contested case may also be disposed of without a hearing. Tex.
Gov’t Code Ann. § 2001.056 (West 2000) (providing that contested cases may be informally
disposed by stipulation, agreed settlement, consent orders, or default). Thus, we hold that there is
no significant difference between a refund claim that is informally disposed of under section
111.1042 and the informal disposition of a formal refund request that was initially treated as a
contested case. 
                        At oral argument and in her brief the Comptroller argued that by analyzing the
definition of the term “administrative proceeding” in conjunction with an Alaska Supreme Court
decision, in which that court outlined the three essential attributes of an administrative proceeding,
it would become clear that the type of informal review involved in this case is not an administrative
proceeding. See Hickel v. Halford, 872 P.2d 171, 178 (Alaska 1994). Black’s Law Dictionary
defines “administrative proceeding” as “[a] hearing, inquiry, investigation, or trial before an
administrative agency, usually adjudicatory in nature but sometimes quasi-legislative.” Black’s Law
Dictionary 46 (7th ed. 1999). In Hickel, the Alaska Supreme Court asserted that the three essential
attributes of an administrative proceeding are that:
 
1)    A dispute must exist;
 
2)    a document reflecting the fact of the dispute which serves a function similar to
that of a complaint in a civil action, or an accusation or statement of issues must
be served by one party on the other party; and
 
3)    the document must set in motion mechanisms prescribed by statute or regulation
under which the dispute will ultimately be resolved.
 
 
Id. at 176. Although the Hickel court’s analysis of what constitutes an administrative proceeding is
not binding on Texas courts, we conclude that the informal review of Willow Creek’s first tax-refund
claim possessed all three essential attributes. Thus, the test presented by the Comptroller only serves
to provide additional evidence that the informal review of a tax-refund claim is an administrative
proceeding. To illustrate this point we will now apply Hickel to the facts of this case.
                        We first consider whether a dispute existed at the time Willow Creek filed its first
claim. Dispute is defined as a “conflict or controversy.” Black’s Law Dictionary 485. The
Comptroller suggests that there was no dispute because it ultimately agreed that Willow Creek was
entitled to a partial refund. The Hickel court explained otherwise:

A dispute may exist for our purposes even where the non-initiating party immediately
agrees with initiating party’s assertions and where the non-initiating party would have
been disposed to agree prior to initiation of the proceeding. It is the placing of an
issue in controversy, under circumstances that require a response and eventual
resolution of the issue, and not the exact means by which a resolution is reached, that
indicates the presence of a dispute.
 
 
Hickel, 872 P.2d at 179 n.15. Here, Willow Creek requested an informal review of its tax refund
claim. The Comptroller was free to “grant or deny it, in whole or in part.” Tex. Tax Code Ann.
§ 111.1042(a). Willow Creek placed in controversy the issue of whether it had a legal right to a
refund. Thus, the first attribute of an administrative proceeding was present when Willow Creek
filed its first claim.
                        We next determine whether the letter in which Willow Creek claimed its first tax
refund served as a document reflecting the facts of the dispute, similar to the function of a complaint
in a civil action. See Hickel, 872 P.2d at 176. The Hickel court required such a document if an
administrative proceeding is to be accorded finality consistent with the requirements of due process.


 
Id. at 180. The court held that the initiating document must begin an adjudication in which the non-initiating party has a legal duty to respond. Id. at 181. 
                        Tax code section 111.104 states that a refund request must be written, state the ground
on which the claim is founded, and be filed before the expiration of the applicable limitations period. 
Tex. Tax Code Ann. § 111.104(c)(1)-(3). Additionally, the Comptroller must, within one year of
receiving a complete detailed report upon which she may issue a credit or refund, issue or deny the
refund claim. 34 Tex. Admin. Code § 3.19(d). There is no dispute that Willow Creek’s letter met
the statutory requirements for a refund claim and that the Comptroller possessed all of the necessary
documentation to verify the claim. Therefore, Willow Creek’s letter was a document served on the
Comptroller that (1) set forth the facts of the dispute, much like a civil complaint; and (2) initiated
an adjudication in which the Comptroller had a legal duty to respond. The second Hickel attribute
is present in this case.
                        The final attribute of an administrative proceeding under the Hickel test is whether
the document served on the Comptroller set in motion mechanisms under which the dispute would
ultimately be resolved. Hickel, 872 P.2d at 176. When the Comptroller is served with a document
in which a tax refund is claimed in such a manner as to require the Comptroller to respond by either
issuing or denying the claim, then the document initiates the proceedings through which the dispute
will finally be resolved. It is irrelevant whether the ultimate resolution is the product of informal or
formal procedures. Hickel only requires that the document initiate a process through which the
dispute will be resolved. Therefore, as long as a refund claim meets the requirements of tax code
section 111.104(c)(1)-(3) and provides the Comptroller with the documentation necessary to verify
the claim, then it has set in motion the mechanisms for resolving the dispute. Because there is no
dispute that Willow Creek’s letter met these conditions, Hickel’s final attribute is present.
                        Therefore, the analytical framework suggested by the Comptroller further
demonstrates that the informal review of Willow Creek’s first refund claim constituted an
administrative proceeding. 
                        We hold that because the informal disposition of a tax-refund claim under section
111.1042 adjudicates the requesting party’s legal rights and satisfies each prong of the Hickel test, 
it is an administrative proceeding.

Conflicting statutory constructions
                        The Comptroller avers that construing the term “administrative proceeding” to
include the informal review and disposition of refund claims creates a conflict with other statutes. 
In support of this argument, the Comptroller cites a number of statutes in which the term
“administrative proceeding” is used in reference to an adjudicatory hearing. Even if these statutes
exclusively reference adjudicatory hearings, they do not prove that an administrative proceeding
must include an adjudicatory hearing. The most likely form of an administrative proceeding is an
adjudicatory hearing, but that is not the exclusive definition of an administrative proceeding.
                        The Comptroller claims that a broad construction of the term “administrative
proceeding” renders tax code section 111.203 and former section 111.207(a)(3) meaningless. Tax
code section 111.203 concerns agreements between the Comptroller and a taxpayer to extend the
limitations period for assessments and refund claims. Specifically, section 111.203(d)(2) states that
the limitation period may be extended if the taxpayer or Comptroller requires more time to complete
an audit. The Comptroller argues that if any investigation of a taxpayer’s records is an
administrative proceeding that tolls the statute of limitations, then there is no need to enter into an
agreement extending the limitations period. By holding that the informal review of a refund claim
under section 111.1042 is an administrative proceeding, we are not saying that every investigation
or audit of a taxpayer’s records is also an administrative proceeding. We are only saying that a
refund claim that meets the statutory requirements laid out in section 111.104(c) and is adjudicated
pursuant to section 111.1042 constitutes an administrative proceeding for the purpose of tolling the
statute of limitations under former section 111.207(d). Therefore, construing the term
“administrative proceeding” to include the informal review of a refund claim does not render section
111.203 meaningless because such a construction is limited to a proceeding initiated by filing a
refund claim in accord with tax code section 111.104(c). 
                        Former section 111.207(a)(3) stated that the period during which an administrative
proceeding is pending before the Comptroller for a redetermination of the tax liability is not
considered when determining the expiration date for the period during which a tax may be collected
or assessed. See supra note 5. The Comptroller asserts that the legislature’s purpose for enacting
this provision was to toll the statute of limitations pending the outcome of a redetermination hearing
performed pursuant to tax code section 111.009. See Tex. Tax Code Ann. § 111.009. The
Comptroller posits that if the term “administrative proceeding” is not limited to hearings then former
tax code sections 111.207(a)(3) and 111.207(d) are redundant. We disagree.
                        Initially, we note that the two former statutes address two distinct situations during
which the statute of limitations would be tolled. Former section 111.207(a)(3) addressed situations
during which the statute of limitations for assessing or collecting a tax would be tolled, see supra
note 5, whereas, former section 111.207(d) described situations during which the statute of
limitations for filing a refund claim would be tolled. 
                        Furthermore, we cannot conclude that the use of the term “administrative proceeding”
in the former section 111.207(d) is an exclusive reference to an administrative hearing. Tax code
section 111.009(c) states, “If the petition [for redetermination] requests a hearing on the
redetermination, the person filing the petition is entitled to a hearing.” This section suggests that a
hearing will be held only if the petitioning party requests one. The fact that a redetermination can
be decided without a hearing is evidence that while a hearing may be a component of an
administrative proceeding, it is not always necessary. Therefore, we cannot conclude that construing
the term “administrative proceeding” to include the informal review of tax refund claims renders
former sections 111.207(a)(3) and 111.207(d) redundant. In fact, both sections appear to
complement each other’s use of the term “administrative proceeding” because they each employ the
term to refer to the Comptroller’s adjudication of a taxpayer’s legal rights or duties whether or not
a hearing is held.
                        Contrary to the Comptroller’s position, construing the term “administrative
proceeding” to preclude the informal review of a tax-refund claim would potentially render section
111.1042 meaningless by undermining its efficacy as a taxpayer remedy. Because the possibility
exists that the Comptroller may deny a refund claim after an informal review, it makes little sense
to risk that possibility if the limitations period for filing a refund claim is continuing to run. In this
case, the Comptroller took approximately nine months to review and partially grant Willow Creek’s
first claim. Had the Comptroller denied Willow Creek’s claim, Willow Creek could then have
requested a formal hearing. However, this option may not have been available if the statute of
limitations was running while the Comptroller was reviewing the claim. No person would ever
choose to take the risk that the statute of limitations would run while their refund claim was being
informally reviewed by the Comptroller. Therefore, section 111.1042 is meaningless unless the term
“administrative proceeding” is construed to include this type of informal review and disposition. See
Southwestern Life Ins. Co. v. Montemayor, 24 S.W.3d 581, 584-85 (Tex. App.—Austin 2000, pet.
denied) (asserting that courts should avoid statutory interpretations that render legislature’s words
meaningless).
                        The Comptroller further contends that unless we accept her definition of the term
“administrative proceeding,” any construction that includes an informal review only serves to invite
further litigation to determine the line between agency actions that toll the statute of limitations and
those that do not. However, the type of litigation predicted by the Comptroller is unlikely to occur. 
First, a construction of the term “administrative proceeding” that includes the informal review of tax-refund claims under section 111.1042 is actually quite narrow. It only includes a refund claim that
meets the statutory prerequisites set forth in tax code section 111.104 that is either informally
reviewed and disposed of or disposed of through the formal hearing procedures outlined in tax code
section 111.105. No other agency actions would constitute an administrative proceeding under
former section 111.207(d). Second, because the legislature repealed former section 111.207(d) and
amended former section 111.207(a) to include the phrase “administrative redetermination or refund
hearing” in place of administrative proceeding, it is unlikely that there will be future litigation
concerning the scope of the term administrative proceeding in this context.

Comptroller’s construction
                        When the legislature passed section 111.1042(b) stating that the informal review of
a tax-refund claim is neither a contested case nor a hearing, the Comptroller interpreted this to mean
that an informal review was also not an administrative proceeding. The Comptroller contends that
we should defer to its construction limiting the scope of the term “administrative proceeding,” as it
was used in former section 111.207(d), to contested cases and hearings. The Comptroller posits that
section 111.1042 was enacted to limit the scope of former section 111.207(d)’s tolling provision to
contested cases and hearings. Prior to the enactment of section 111.1042 the Comptroller treated
all tax refund claims as contested cases. Thus, because the Comptroller considered a contested case
to be an administrative proceeding for the purpose of tolling the statute of limitations under former
section 111.207(d), it concluded that any review of a tax-refund claim constituted an administrative
proceeding. 
                        Ascertaining and discerning the legislature’s intent in enacting section 111.1042 is
not a task within the Comptroller’s administrative expertise. See Flores, 74 S.W.3d at 546. 
Therefore, the level of deference we owe to the Comptroller’s interpretation is lessened. Id.; see also
Rylander, 45 S.W.3d at 299. As we discussed previously, the Comptroller has not provided us with
evidence establishing that the legislative purpose for enacting section 111.1042 was to limit the
application of former section 111.207(d)’s tolling provision to contested cases or hearings.


 
Therefore, we decline to adopt the Comptroller’s construction.
                        We conclude that the term “administrative proceeding” can be used to describe the
informal adjudication of a tax-refund dispute, whether or not a hearing is held. We hold that the
informal review established by section 111.1042 is an administrative proceeding for the purposes
of tolling the statute of limitations under former section 111.207(d). Construing the term
“administrative proceeding” to include such informal review of a tax-refund claim does not create
conflicts with other statutes. We overrule the Comptroller’s second issue.




Conclusion
                        The Comptroller’s arguments do not conclusively negate the application of former
section 111.207(d)’s tolling provision to Willow Creek’s third claim. We hold that the legislature
did not intend for section 111.1042 to statutorily limit the scope of the term “administrative
proceeding,” as it is used in former section 111.207(d), to contested cases and hearings. Because the
informal review and disposition of a tax-refund claim is an administrative proceeding that
adjudicates a dispute with finality, we affirm the district court’s summary judgment.
 
 
                                                                        __________________________________________
                                                                        Bea Ann Smith, Justice
Before Chief Justice Law, Justices B. A. Smith and Pemberton
Affirmed
Filed: March 24, 2005